**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0879-15T4

LARRY YELLOCK,

    Appellant,

v.

NEW JERSEY STATE PAROLE
BOARD,

    Respondent.

_____

Submitted March 21, 2017 — Decided  April 11, 2017

Before Judges Yannotti and Sapp-Peterson.

On appeal from the New Jersey State Parole
Board.

Larry Yellock, appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondent (Lisa A. Puglisi,
Assistant Attorney General, of Counsel;
Gregory R. Bueno, Deputy Attorney General, on
the brief).

PER CURIAM

    Appellant Larry Yellock appeals from a September 23, 2015

determination of the New Jersey State Parole Board (Board), denying

his appeal from the decision of a two-member Board Panel, which denied parole and established a one-hundred and twenty-month (120) future parole eligibility term (FET), in accordance with N.J.A.C. 10A:71-3.21(a). A three-member Board Panel also upheld this determination. The full Board reviewed the matter and affirmed the denial of parole and FET of 120-months. Appellant raises one point for our consideration, namely, the matter should be remanded to the Board for a full and fair hearing, with this court retaining jurisdiction. We disagree and affirm.

Appellant is confined at South Woods State Prison, serving a life sentence for two counts of murder. He first became eligible for parole on December 10, 2014, after serving thirty-five years and fifteen days. A two member Board Panel considered appellant's case and denied parole. In denying parole, the two member-panel cited appellant's prior criminal record, which had become increasingly more serious, the fact that prior incarceration and opportunity for parole had failed to deter appellant from engaging in further criminal behavior, and insufficient problem resolution.

As mitigating factors, the two-member panel found that appellant had been infraction free, had participated in institutional programs, and had achieved a favorable score on his risk assessment evaluation. The two-member panel later amended its decision to include that appellant had achieved average to

above average institutional reports, but also continued to cite to appellant's extensive prior criminal record and that he had committed a crime while attempting to elude prosecution. Finally, the two-member panel viewed the risk assessment score of twenty (20), which was indicative of a moderate risk of recidivism, as an additional factor that militated against granting appellant parole.

Appellant filed an appeal challenging the factual findings of the two-member Board Panel as insufficient to support its conclusions. A three-member Board Panel considered the appeal and concluded that the denial of parole and establishment of an extended FET was supported by the evidence in the record. Appellant filed an administrative appeal to the full Board, which affirmed the denial of parole and the establishment of the 120-month FET.

Our scope of review is very limited. Administrative decisions of the Board are "grounded in strong public policy concerns and practical realities." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 200 (2001) (Trantino V). "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables. . . .'" Id. at 201 (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10, 99 S. Ct. 2100, 2105, 60 L. Ed. 2d 668, 677 (1979)).

The Board has broad, but not unlimited, discretionary power. Monks v. N.J. State Parole Bd., 58 N.J. 238, 242 (1971).

In our review, we do not disturb the factual findings of the Board if they "could reasonably have been reached on sufficient credible evidence in the whole record." Trantino V, supra, 166 N.J. at 199 (quoting Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998) (Trantino IV)). See also McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). Further, we remain mindful that "[t]o a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals. "Trantino V, supra, 166 N.J. at 201 (citation omitted).

We will not second-guess the Board's application of its considerable expertise unless we find the decision was arbitrary and capricious. Ibid. The burden is on the appellant to prove the Board acted unreasonably. Bowden v. Bayside State Prison, 268 N.J.Super. 301, 304 (App. Div. 1993), certif. denied, 135 N.J. 469 (1994).

Parole reviews are guided by N.J.S.A. 30:4-123.53(a), which states that an adult inmate shall be released on parole at the time of eligibility unless the statutorily required report or information disclosed during the parole hearing "indicates by a preponderance of the evidence that there is a substantial

likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time." We have interpreted "substantial likelihood" in the context of parole hearings as requiring more than evidence of "potential" to engage in further criminal activity. See N.J. Parole Bd. v. Cestari, 224 N.J. Super. 534, 547 (App. Div.), certif. denied, 111 N.J. 649 (1988). Further guidance is found in the New Jersey Administrative Code, which provides:

> (a) Parole decisions shall be based on the aggregate of all pertinent factors, including material supplied by the inmate and reports and material which may be submitted by any persons or agencies which have knowledge of the inmate.
>
> (b) The . . . Board . . . may consider any other factors deemed relevant [.]
>
> [N.J.A.C. 10A:71-3.11.]

Consequently, a decision to grant parole release is multi-faceted, and reflects consideration of various factors, some of which are objectively verifiable along with a discretionary assessment of the inmate's likely future behavior based upon the Board's experience. See Greenholtz, supra, 442 U.S. at 9-10, 99 S. Ct. at 2105, 60 L. Ed. 2d at 677; Puchalski v. N.J. State Parole Bd., 104 N.J. Super. 294, 299-300 (App. Div.), aff'd by 55 N.J. 133 (1969), cert. denied, 398 U.S. 938, 90 S. Ct. 1841,

26 <u>L. Ed.</u> 2d 270 (1970). "Common sense dictates that [the Board's] prediction as to future conduct and its opinion as to compatibility with the public welfare be grounded on due consideration of the aggregate of all the factors which may have pertinence." <u>Beckworth v. N.J. State Parole Bd.</u>, 62 <u>N.J.</u> 348, 360 (1973). Other appropriate factors the Board may consider pursuant to <u>N.J.A.C.</u> 10A:713.11(b), include: (1) the nature and pattern of previous convictions; (2) adjustment to previous probation, parole, and incarceration; (3) aggravating and mitigating factors surrounding the offense; (4) parole plans and the investigation thereof; and (5) evidence presented by the appropriate prosecutor's office. <u>N.J.A.C.</u> 10A:71-3.11 (b).

Thus, we review appellant's claims under well-established standards. In doing so, we reject appellant's challenge to the facts considered by the Board in reaching its determination and conclude that denial of parole was based on substantial evidence in the record and the reasoned exercise of the Board's broad discretion. <u>Monks</u>, <u>supra,</u> 58 <u>N.J.</u> at 242.

The Board's conclusion that appellant posed a moderate risk of recidivism if released was reached after weighing the mitigating factors against appellant's past criminal record, as well as the fact that prior incarceration and parole failed to deter further criminal behavior by appellant. It also considered appellant's

inability, after thirty-five years of incarceration, to gain an understanding of the violent and reactionary behavior manifested in the brutal murder of his two victims. The Board additionally relied upon its evaluation of appellant's parole hearing wherein it was revealed that after detailed and extensive questions were posed to appellant by the Board Panel, appellant was "unable to provide any coherent explanation for, or account of, the two murders that [he] committed, other than to say that [he] was 'high on drugs', that [his] 'brain wasn't thinking,' and that [he made 'bad decisions.'"

The Board found these responses indicative of a lack of insight and supportive of the two-member Board Panel's conclusion that there is a substantial likelihood appellant would engage in further criminal activity if released on parole at that time, as well as its imposition of the 120-month FET. In short, based upon substantial credible evidence in the record, the Board acted reasonably when it denied appellant's parole release and extended his FET.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION