**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0463-15T4

IN THE MATTER OF KEITH
LAYTON, ANCORA PSYCHIATRIC
HOSPITAL, DEPARTMENT OF
HUMAN SERVICES.

_____

Submitted May 3, 2017 — Decided June 6, 2017

Before Judges Accurso and Manahan.

On appeal from the Civil Service Commission, Docket No. 2014-2108.

Jacobs & Barone, P.A., attorneys for appellant Keith Layton (Louis M. Barbone and Daniel J. Solt, on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent New Jersey Department of Human Services (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Peter H. Jenkins, Deputy Attorney General, on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent New Jersey Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Keith Layton appeals from a final determination of the Civil

Service Commission (Commission) terminating his employment as a

sewage and water treatment plant operator at Ancora Psychiatric Hospital (Ancora). The Commission adopted the decision of the Administrative Law Judge (ALJ). Following our review of the arguments raised on appeal in light of the record and applicable law, we affirm.

The factual background and procedural history are fully set forth in the comprehensive written opinion of ALJ Sarah G. Crowley, dated July 14, 2015, and need not be repeated in the same level of detail here.

In October 2012, Layton was arrested and charged with theft of metal materials from Ancora, but was subsequently accepted into a Pretrial Intervention Program (PTI) in June 2013. Layton stole manhole covers and other metals, removed them from Ancora, and sold them to a salvage yard, all during work hours. As a result, on October 12, 2012, the Department of Human Services (DHS) issued a Preliminary Notice of Disciplinary Action and placed Layton on indefinite suspension pending the outcome of his criminal charges pursuant to N.J.A.C. 4A:2-2.5(a)(2). After Layton's admittance into PTI, an amended Preliminary Notice of Disciplinary Action was issued on December 19, 2013, charging Layton with conduct unbecoming and other sufficient cause, specifically, leaving the assigned work area, falsification of records, and theft of State property.

Following a departmental hearing, Ancora issued a Final Notice of Disciplinary Action on February 11, 2014, sustaining the disciplinary charges and indefinite suspension effective October 12, 2012. Layton appealed his termination and the matter was transferred to the Office of Administrative Law (OAL) as a contested case.

The ALJ conducted a hearing on January 23, January 26, May 1, and May 7, 2015. The ALJ heard testimony from Officer John Stafford with DHS assigned to Ancora; Robert Wright, Ancora's supervisor for general support services; John Gerigitan, Ancora's assistant engineer in charge of maintenance; Craig Farr, Ancora's employee relations coordinator; Patrolman Hipolito Rivera with DHS; Clarence J. Mattioli, Jr., Layton's attorney in connection with the criminal charges; Alan Renouf, an Ancora employee and the Local 195 union representative; Edmund Dillon, an administrative employee at DHS; Anthony Neri, the contractor hired by Ancora; Nereida Weisback, personnel assistant with DHS; and Robert Gatti, an employee with Ancora. The ALJ also reviewed a video interview of Layton, which was entered into evidence.

On July 14, 2015, the ALJ rendered a written decision setting forth her fact-findings and conclusions of law. The ALJ concluded that DHS had met its burden by a preponderance of the credible evidence. Moreover, the ALJ found there was no written agreement

or evidence otherwise supporting the existence of an agreement between Layton and Ancora that if he successfully completed PTI, Ancora would not remove him. In an August 24, 2015 written final decision, the Commission accepted and adopted the ALJ's findings of fact and conclusions of law.

On appeal, Layton contends the decision of the Commission was not supported by sufficient, competent, and credible evidence and that the doctrine of equitable estoppel requires his employment at Ancora to be reinstated. We disagree.

Appellate review of an administrative agency decision is limited. In re Herrmann, 192 N.J. 19, 27 (2007). A strong presumption of reasonableness attaches to the Commission's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div.), certif. denied, 170 N.J. 85 (2001). Appellant has the burden to demonstrate grounds for reversal. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002); see also Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993) (holding that "[t]he burden of showing the agency's action was arbitrary, unreasonable, or capricious rests upon the appellant"), certif. denied, 135 N.J. 469 (1994).

Appellate courts generally defer to final agency actions, only "reversing those actions if they are 'arbitrary, capricious or unreasonable or [if the action] is not supported by substantial

credible evidence in the record as a whole.'" <u>N.J. Soc'y for the Prevention of Cruelty to Animals v. N.J. Dep't of Agric.</u>, 196 <u>N.J.</u> 366, 384-85 (2008) (quoting <u>Henry v. Rahway State Prison</u>, 81 <u>N.J.</u> 571, 579-80 (1980) (alteration in original)). Under the arbitrary, capricious, and unreasonable standard, our scope of review is guided by three major inquiries: (1) whether the agency's decision conforms with the relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion. <u>In re Stallworth</u>, 208 <u>N.J.</u> 182, 194 (2011).

When an agency decision satisfies such criteria, we accord substantial deference to the agency's fact-finding and legal conclusions, acknowledging the agency's "expertise and superior knowledge of a particular field." <u>Circus Liquors, Inc. v. Governing Body of Middletown Twp.</u>, 199 <u>N.J.</u> 1, 10 (2009) (quoting <u>Greenwood v. State Police Training Ctr.</u>, 127 <u>N.J.</u> 500, 513 (1992)). We will not substitute our judgment for the agency's even though we might have reached a different conclusion. <u>Stallworth</u>, <u>supra</u>, 208 <u>N.J.</u> at 194; <u>see also</u> <u>In re Taylor</u>, 158 <u>N.J.</u> 644, 656 (1999) (discussing the narrow appellate standard of review for administrative matters).

Our deference to agency decisions "applies to the review of disciplinary sanctions as well." Herrmann, supra, 192 N.J. at 28. "In light of the deference owed to such determinations, when reviewing administrative sanctions, the test . . . is whether such punishment is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness." Id. at 28-29 (internal citation and quotation marks omitted). "The threshold of 'shocking' the court's sense of fairness is a difficult one, not met whenever the court would have reached a different result." Id. at 29.

After thoroughly reviewing the record in light of the relevant legal principles and standard of review, we are convinced that the Commission's decision was neither arbitrary, capricious nor unreasonable and was supported by substantial credible evidence in the record. See Stallworth, supra, 208 N.J. at 194. According deference, as we must, to the ALJ's credibility determinations, there is sufficient evidence in the record to support the ALJ's findings and conclusions, which the Commission, in turn, adopted. Further, the penalty was not so wide of the mark as to justify our substitution of the Commission's judgment.

Layton's remaining argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0463-15T4