NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1410-15T2

PAUL WILLIAMS,

 Appellant,

v.

NEW JERSEY STATE PAROLE BOARD,

 Respondents.
___________________________________

 Submitted June 6, 2017 – Decided July 21, 2017

 Before Judges Reisner and Sumners.

 On appeal from the New Jersey State Parole
 Board.

 Paul Williams, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Lisa A. Puglisi,
 Assistant Attorney General, of counsel;
 Christopher C. Josephson, Deputy Attorney
 General, on the brief).

PER CURIAM

 Appellant Paul Williams is serving a life sentence after

being found guilty by a jury of first-degree murder in 1972,

arising from his participation in the robbery of a tavern, during
the course of which an accomplice fatally shot the tavern owner.

He appeals from the final agency decision of the New Jersey State

Parole Board (Board) denying him parole and imposing a thirty-six

month future eligibility term (FET). We affirm.

 On June 25, 2015, appellant became eligible for parole for

the ninth time. A hearing officer referred his case to a two-

member Board panel, which denied parole and set a thirty-six month

FET. The panel, relying upon an updated confidential psychological

assessment, determined there was a substantial likelihood that

appellant would commit a new crime if released. Among other

things, the panel cited: (1) serious nature of offense; (2) prior

criminal record; (3) prior probation revoked for commission of new

offense; (4) prior incarceration did not deter criminal behavior;

(5) demonstrated lack of insight into criminal behavior; (6) risk

assessment score of thirty, indicating a medium risk of recidivism.

The panel found that those considerations outweighed the

mitigating factors of appellant's participation in various

institutional programs specific to behavior, being infraction-free

since his last panel appearance, favorable institutional

adjustment, and achievement of medium custody status.

 The Board issued a final agency decision on September 23,

2015, affirming the panel's denial of parole and establishment of

the thirty-six month FET. In doing so, the Board rejected

 2 A-1410-15T2
appellant's contention that the denial of his parole eight previous

times was unreasonable and not supported by the record. It

reasoned

 that the Parole Act of 1979 was amended in
 1997 and pursuant to those amendments; the
 Board is no longer restricted to considering
 only new information, at each time of parole
 consideration. Most of the information in
 your case remains the same, for example, your
 prior criminal history and adjustment on
 community supervision. However, other
 information pertaining to your institutional
 adjustment has changed to reflect your recent
 institutional developments, such as your
 infraction free status since your last panel
 review and your program participation. In
 addition, pursuant to N.J.A.C. 10A:71-3.11,
 the Board panel is required to consider and
 base its decision on the aggregate of factors.

Thus, the Board concurred with the panel's determination that "a

preponderance of the evidence indicates that there is a substantial

likelihood that [appellant] would commit a crime if released on

parole at this time."

 On appeal, appellant argues that, based upon the record, the

Board acted unreasonably and arbitrarily in denying his parole and

imposing a FET. He also contends that the Board violated the Ex

Post Facto Clause of the United States Constitution by reviewing

his entire parole file pursuant to N.J.S.A. 30:4-123.56(c) (1979),

as amended by L. 1997, c. 213, § 2, instead of limiting its review

to new information, which was the standard prior to the 1997

 3 A-1410-15T2
amendment. Further, appellant argues that the Board improperly

considered "on-the-spot" minor institutional infractions requiring

minor sanctions. See N.J.A.C. 10A:4-7.3(a); N.J.A.C. 10A:4-

7.5(a).

 Under our standard of review, we must accord considerable

deference to the Board and its expertise in parole matters. Our

standard of review is whether the Board's decision was arbitrary

and capricious. Acoli v. N.J. State Parole Bd., 224 N.J. 213,

222-23 (2016). Parole Board decisions are "highly 'individualized

discretionary appraisals.'" Trantino v. N.J. State Parole Bd.,

166 N.J. 113, 173 (2001) (quoting Beckworth v. N.J. State Parole

Bd., 62 N.J. 348, 359 (1973)). We will not disturb the Board's

fact-findings if they "could reasonably have been reached on

sufficient credible evidence in the whole record." J.I. v. N.J.

State Parole Bd., 441 N.J. Super. 564, 583 (App. Div.) (quoting

Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App.

Div.), certif. denied, 180 N.J. 452 (2004)), certif. granted, 223

N.J. 555 (2015). The burden is on the challenging party to

demonstrate that the Board's actions were arbitrary, capricious

or unreasonable. Bowden v. Bayside State Prison, 268 N.J. Super.

301, 304 (App. Div. 1993), certif. denied, 135 N.J. 469 (1994).

 A Board decision to grant or deny parole for crimes committed

before August 1997, turns on whether there is a "substantial

 4 A-1410-15T2
likelihood" the inmate will commit another crime if released.

N.J.S.A. 30:4-123.53(a) (1979), amended by L. 1997, c. 213, § 1;

N.J.S.A. 30:4-123.56(c) (1979), amended by L. 1997, c. 213, § 2;

Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7 (App.

Div.), certif. denied, 165 N.J. 523 (2000); N.J.A.C. 10A:71-

3.10(a). The Board must consider the enumerated factors in

N.J.A.C. 10A:71-3.11(b)(1)-(23), in making its decision. The

Board, however, is not required to consider each and every factor;

rather, it should consider those applicable to each case. McGowan

v. N.J. State Parole Bd., 347 N.J. Super. 544, 561 (App. Div.

2002).

 Guided by these standards and considering the record,

including the materials in the confidential appendix, we discern

no basis to disturb the Board's decision. The Board considered

the relevant factors in N.J.A.C. 10A:71-3.11, and adopted the

determinations made by the two-member panel which found that there

was a substantial likelihood that appellant would commit a new

crime if released. We are mindful that appellant has been in

prison for over forty-five years. The Board's decision, however,

is supported by sufficient credible evidence in the record and is

entitled to our deference.

 We are also satisfied that the thirty-six month FET imposed

by the Board is consistent with the Board's guidelines. In

 5 A-1410-15T2
accordance with N.J.A.C. 10A:71-3.21(d), when an inmate serving a

life sentence is denied parole, the Board may increase the

presumptive twenty-seven month FET "due to the inmate's lack of

satisfactory progress in reducing the likelihood of future

criminal behavior[.]" We find nothing arbitrary or capricious

about the thirty-six month FET because it was supported by

sufficient credible evidence in the record.

 Turning to appellant's ex post facto argument, our court and

the United States District Court have previously addressed and

rejected this argument. See, e.g., Trantino v. N.J. State Parole

Bd., 331 N.J. Super. 577, 610-11 (App. Div. 2000) (holding the use

of the 1997 amendment to the Parole Act and its removal of the

"new information" limitation did not violate the Ex Post Facto

Clause), aff'd in part, modified in part, and remanded, 166 N.J.

113 (2001); Royster v. Fauver, 775 F.2d 527, 533-35 (3d Cir. 1985)

(holding that the 1979 Parole Act did not violate the prohibition

against Ex Post Facto laws when applied to an offender sentenced

under the Parole Act of 1948).

 Finally, there is no merit to the argument that the Board

considered "on-the-spot" infractions in denying parole. In fact,

the Board noted as a mitigating factor that appellant has been

infraction-free since his last parole hearing.

 Affirmed.

 6 A-1410-15T2