**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2833-17T4

ANTHONY ELI,

      Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

      Respondent.

_____

Submitted May 9, 2019 – Decided June 24, 2019

Before Judges Simonelli and Whipple.

On appeal from the New Jersey State Parole Board.

Anthony Eli, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Anthony Eli, an inmate incarcerated at East Jersey State Prison, appeals from a final agency decision of the New Jersey State Parole Board (Board) denying parole and imposing a twenty-nine-month future eligibility term (FET). We affirm.

Eli is serving an aggregate twenty-five-year term with a mandatory minimum of seven years for burglary, attempted burglary, conspiracy to commit burglary, eluding and theft. These various convictions came from six separate indictments or accusations from four separate counties. When he pled guilty and was sentenced for these offenses, he had thirty-six prior adult convictions.

Eli first became eligible for parole on December 22, 2017. On September 15, 2017, after having served six years and six months of his sentence, Eli received an initial hearing, and his case was referred to a Board panel for a hearing. On October 13, 2017, a two-member Board panel denied parole and established a twenty-nine-month FET based on the facts and circumstances of the offenses and Eli's prior history, including: a conviction for second-degree eluding, extensive repetitive criminal history, incarceration for multiple offenses, revocation of prior opportunities on parole and probation, insufficient problem resolution, lack of insight into criminal behavior and failure to address substance abuse problems, as demonstrated by a panel interview, documentation

2

in the case file, commission of an offense while on bail and the results of an objective risk assessment.

The Board panel also found mitigating factors, including that Eli was infraction free, participated in institutional programs, institutional reports reflected a favorable institutional adjustment, positive adjustment to a therapeutic community and minimum custody status was achieved and maintained. Eli appealed the Board panel's decision to the full Board. On January 31, 2018, the Board affirmed the Board panel's decision to deny parole and impose a twenty-nine-month FET. This appeal followed.

On appeal, Eli argues the Board panel's decision to deny parole was not supported by the evidence presented at a hearing, and it was unreasonable for the Board panel to conclude his substance abuse was not being sufficiently addressed.

Our review of final administrative agency decisions is limited. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018). The Board's decisions, like those of other administrative agencies, will not be reversed unless they are "arbitrary, capricious or unreasonable or [are] not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). This limited review of parole

determinations accords agency action a presumption of validity and reasonableness. In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993). The burden is on the challenging party to show the Board's actions were unreasonable. Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304-05 (App. Div. 1993).

Pursuant to N.J.S.A. 30:4-123.53(a), the Board should generally grant parole requests for release on an inmate's parole date unless there is a "reasonable expectation that the inmate will violate conditions of parole" and such an expectation is demonstrable "by a preponderance of the evidence." In determining that Eli was ineligible for parole, the Board considered several factors, including mitigating and aggravating factors. The Board noted that Eli's criminal history was extensive, and his prior experiences with the probation system did not deter him from other criminal behaviors. The Board also considered Eli's insufficient problem resolution skills and that his substance abuse history prevented him from successfully completing parole. Although Eli participated in Alcoholics Anonymous and other substance abuse programs in prison, and even though the Board considered his efforts, the Board noted concern for his nearly thirty years of poly-substance abuse coupled with thirty-six prior convictions and six prior opportunities for community release

supervision and treatment that were followed by additional drug use and criminal behavior.

The Board considered all of the mitigating factors raised but found they were outweighed by the aggravating nature of the totality of the circumstances. The Board's discretionary assessment is supported by substantial credible evidence in the record as a whole.

The Board's imposition of a twenty-nine-month FET is permissible pursuant to N.J.A.C. 10A:71-3.21(c). Under N.J.A.C. 10A:71-3.21(a)(1), a standard FET for someone serving a sentence in excess of fourteen years is twenty-seven months. However, under N.J.A.C. 10A:71-3.21(c), the standard FET may be increased or decreased by up to nine months, when, in the opinion of the Board panel, the severity of the crime for which defendant was denied parole and the prior criminal record or other characteristics of the inmate warrant such adjustment.

The Board's decision to impose a twenty-nine-month FET pursuant to N.J.A.C. 10A:71-3.21(c) was not arbitrary, capricious or unreasonable. The Board considered the aggregate of all pertinent factors including those set forth in N.J.A.C. 10A:71-3.11(b). The Board found Eli had not developed enough insight to understand why he committed his crimes and how to prevent himself

from doing so in the future. These findings are all supported by sufficient, credible evidence in the record.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2833-17T4