268 N.J. Super. 301 (1993)
633 A.2d 577
WILLIAM T. BOWDEN, RESPONDENT/CROSS-APPELLANT,
v.
BAYSIDE STATE PRISON (DEPARTMENT OF CORRECTIONS), APPELLANT/CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 5, 1993.
Decided November 18, 1993.
*302 Before Judges STERN and BILDER.
Fred DeVesa, Acting Attorney General, attorney for appellant/cross-respondent (Joseph L. Yannotti, Assistant Attorney General, of counsel; Adrienne C. Beard, Deputy Attorney General, on the brief).
Chance & McCann, attorneys for respondent/cross-appellant (Kevin P. McCann, on the brief).
The opinion of the court was delivered by BILDER, J.A.D. (retired and temporarily assigned on recall).
*303 These are cross-appeals by an appointing authority, Bayside State Prison, and a Senior Correction Officer at that institution, William Bowden, from a final administrative decision of the Merit System Board upholding a finding by Bayside that Bowden had committed conduct which is unbecoming an employee but reversing its decision to remove appellant from his position, substituting instead a six month suspension. The appointing authority appeals from the reduction of the penalty; Bowden appeals from the finding that he had committed the improper conduct.
In the initial decision, accepted and adopted by the Merit System Board in its Final Administrative Action, the ALJ found that Bowden played cards with inmates for cigarettes and paid his gambling debts by bringing 65 packs of cigarettes into the prison. However in examining Bowden's work history the ALJ found that although in the past he had been suspended for three days for neglect of duty and creating a danger and had received other minor discipline for failure or delay in carrying out orders and for insubordination, this was his first major discipline. Accordingly the ALJ reversed the determination of the appointing officer that Bowden be removed from his position and ordered that he be suspended for six months.
When it received the Final Administration Action of the Board, Bayside sought reconsideration and a stay of its order pending reconsideration and any subsequent appeal. In its Final Administrative Action denying the requested relief, the Board noted that Bayside
contended that [in reducing the penalty] the ALJ and the Merit System Board failed to consider the seriousness of the charges against appellant. It argues that in reviewing disciplinary action imposed on a Correction Officer, the Board should consider discipline, safety and security as well as the effect a breach of duty may have on the institution, the inmates and other employees. The appointing authority asserts that its policy against undue familiarity among officers and inmates must be strictly enforced in order to prevent breaches of security, loss of morale and inmate blackmail.
*304 In considering the appointing authority's request the Board found that it did not present any new evidence or new argument which, if accepted, would change the outcome. Rather the Board said that these matters had been before it at the time of the Final Decision and had led to what the Board considered to be the imposition of a serious penalty.
In this matter, the Board recognized that appellant's conduct warranted serious disciplinary action. The six-month suspension imposed by the Board is neither a minor nor insignificant disciplinary penalty, but a substantial penalty imposed after considering all of the circumstances of this matter. Neither the seriousness of the charge nor the special considerations of a correctional setting were ignored in arriving at this penalty. The Board properly exercised its authority to modify the penalty imposed in this matter and there is no basis for concluding that a clear material error has occurred.
Accordingly it denied reconsideration and, in the belief that Bayside had little chance of success on appeal and was not faced with irreparable injury, refused to stay its order.
On appeal, Bayside essentially contends that the Merit System Board erred in its appraisal of the seriousness of appellant's misconduct. By way of cross-appeal, Bowden contends the finding that he played cards with inmates for cigarettes and paid the gambling debts with contraband cigarettes is not supported in the record.
Our role on review is limited. Our function is to determine whether the administrative action was arbitrary, capricious or unreasonable. See Henry v. Rahway State Prison, 81 N.J. 571, 580, 410 A.2d 686 (1980). We will only decide whether the findings could reasonably have been reached on the credible evidence in the record, considering the proofs as a whole. See Close v. Kordulak Bros., 44 N.J. 589, 599, 210 A.2d 753 (1965). We cannot substitute our judgment for that of the agency. See In re Polk License Revocation, 90 N.J. 550, 578, 449 A.2d 7 (1982). We accord to the agency's exercise of its statutorily-delegated responsibilities a strong presumption of reasonableness. See Newark v. Natural Resource Coun. Dept. Env. Prot., 82 N.J. 530, 539, 414 A.2d 1304 (1980), cert. den., 449 U.S. 983, 101 S.Ct. 400, 66 L.Ed.2d 245 (1980). The burden of showing the agency's action was arbitrary, unreasonable or capricious rests upon the appellant. *305 See Barone v. D. of Human Serv., Div. of Med. Asst., 210 N.J. Super. 276, 285, 509 A.2d 786 (App.Div. 1986), aff'd 107 N.J. 355, 526 A.2d 1055 (1987).
Looking first at Bowden's cross-appeal. We are satisfied that Bowden's contentions as to the sufficiency of the evidence to support the finding of misconduct are without merit. From an examination of the record, we are satisfied that the action of the agency on this score was supported by substantial credible evidence and was neither arbitrary, capricious nor unreasonable. Bowden's reliance on State v. Lucas, 30 N.J. 37, 152 A.2d 50 (1959), is misplaced. There is no requirement of corroboration in an administrative proceeding.
Turning to Bayside's appeal of the reduction of the penalty, we agree that it is the appraisal of the seriousness of the offense which lies at the heart of the matter.
It cannot be doubted that in most of the situations which the Merit System Board reviews, the work environment of the particular employee is not so unusual that the Merit System Board is not perfectly competent to make its own judgments as to the seriousness of alleged improper conduct  indeed its wide experience undoubtedly gives it agency expertise in doing so. See Barney v. Board of Trustees, 238 N.J. Super. 556, 560, 570 A.2d 456 (App.Div. 1990), certif. den., 122 N.J. 168, 584 A.2d 233 (1990). However the situation with respect to correction facilities like Bayside are sui generis.
In Henry v. Rahway State Prison, supra, while rejecting the contention that review of the disciplinary action of the correction facility should be limited so as to require the Merit System Board to sustain it absent an abuse of discretion, the Supreme Court recognized the importance of maintaining discipline. See id. 81 N.J. at 579, 410 A.2d 686. And it recognized the danger which inheres when order and discipline are disrupted or destroyed in a prison. The need for proper control over the conduct of inmates in a correctional facility and the part played by proper relationships between those who are required to maintain order and *306 enforce discipline and the inmates cannot be doubted. We can take judicial notice that such facilities, if not properly operated, have a capacity to become "tinderboxes". The appraisal of the seriousness of Bowden's offense and degree to which such offenses subvert discipline at Bayside State Prison are matters peculiarly within the expertise of the corrections officials. The appraisal is subject to de novo review by the Merit System Board, ibid., but that appraisal should be given significant weight. The violation of rules barring relationships of familiarity and dealings between correction officers and inmates would seem to us to be conduct which the system cannot safely tolerate. As in Henry we do not disturb the findings of fact by the Merit System Board, but conclude that the Board did not adequately consider the seriousness of the charges. Id. at 580, 410 A.2d 686. We are satisfied that Bowden's conduct subverted the discipline at Bayside State Prison and that the Board was arbitrary, capricious and unreasonable in reducing the penalty imposed on Bowden from removal to six month suspension. Ibid.
The decision of the Merit System Board is reversed and the action of the appointing authority in removing Bowden from his position is reinstated.