**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1414-15T1

JESSE LACEY,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Argued telephonically April 27, 2017 — Decided June 14, 2017

Before Judges Gilson and Sapp-Peterson.

On appeal from the New Jersey Department of Corrections.

Jesse Lacey, appellant pro se.

Christopher C. Josephson, Deputy Attorney General, argued the cause for respondent (Christopher S. Porrino, Attorney General, attorney; Lisa A. Puglisi, Assistant Attorney General, of counsel; Randy Miller, Deputy Attorney General, on the brief).

PER CURIAM

Appellant, Jesse Lacey, an inmate at Southern State Correctional Facility, appeals from a October 16, 2015 decision of the Department of Corrections (Department), upholding a hearing officer's (HO) findings and conclusion that Lacey was guilty of prohibited act *.202, possession or introduction of a weapon, such as, but not limited to, a sharpened instrument, knife or unauthorized tool, in violation of N.J.A.C. 10A:4-4.1(a). We affirm.

On October 8, 2015, the Department received an anonymous note, slid under the door of the sergeant's office, stating that Lacey "has a shank." Senior Corrections Officer (SCO) Cavagnaro conducted a search in the area of Lacey's bed and found a shank made from a deodorant bottle and a nail with a rubber tube sheath. The shank was concealed in a sock the officer found in Lacey's secured wall locker.

The next day the Department served Lacey with the disciplinary charge. He denied the allegation and requested an investigation, a polygraph examination and the opportunity to confront SCO Cavagnaro. The HO denied his request for a polygraph.

At the hearing, Lacey, referring to the shank, said, "It wasn't mine." He also had the opportunity, through written questions he submitted, to confront SCO Cavagnaro, who appeared at the hearing. He did not request witness statements. Upon

completion of the hearing, the hearing officer (HO) credited the report confirming that the shank had been located after a search of Lacey's bed area. The HO sanctioned Lacey to the following: time served in detention, 180 days administrative segregation, and 180 days loss of commutation time.

Lacey filed an administrative appeal. The Associate Administrator upheld the HO's findings, concluding that there had been no misrepresentation of the facts. Lacey's request for leniency was also denied. The present appeal followed.

Lacey presents a single point on appeal, which includes various arguments, stating:

> Appellant's Sanction was Excessive for a First Offense and the Department of Corrections Violated Their own Policy and Procedures Throughout the Investigation When Appellant was Engaged in Positive Treatment and had no History of Institutional Infractions.

The scope of our review of a final decision of an administrative agency is strictly limited. George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994). Our review is restricted to four inquiries: 1) whether the agency's decision is contrary to the State or Federal Constitution; 2) whether the agency's action violates either express or implied legislative policies; 3) whether there is substantial credible evidence in the record as a whole to support the agency's decision; and 4) whether,

in applying the law to the facts, the agency clearly erred in reaching a decision that could not reasonably have been made on consideration of the relevant factors. Ibid. "We cannot substitute our judgment for that of the agency where its findings are supported by substantial credible evidence in the record." Johnson v. Dep't of Corr., 375 N.J. Super. 347, 352, (App. Div. 2005) (citation omitted).

Prison disciplinary hearings are not criminal prosecutions and an inmate is not entitled to the "full panoply of rights" as is a defendant in a criminal prosecution. Avant v. Clifford, 67 N.J. 496, 522 (1975) (quoting Morrissey v. Brewer, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484, 494 (1972)). The procedural due process requirements articulated in Avant were reaffirmed by the Court in McDonald v. Pinchak, 139 N.J. 188, 194-99 (1995). Specifically, an inmate charged with a disciplinary infraction is entitled to written notice of the charges at least twenty-four hours prior to the hearing, an impartial tribunal, a limited right to call witnesses and present documentary evidence, a limited right to confront and cross-examine adverse witnesses, a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed, and, in certain circumstances, the assistance of counsel substitute. Avant, supra, 67 N.J. at 525-33; See also Jacobs v. Stephens, 139 N.J. 212, 217-18 (1995)

(tracing the history of protections afforded prisoners in administrative hearings).

Various provisions of Title 10A of the Administrative Code address these procedural due process protections afforded to inmates charged with disciplinary infractions. We cannot ignore that "the administrative rules and regulations that govern the fulfillment of due-process rights for prisoners are balanced against the needs and objectives of the prison" to assure the safety and security of those confined, prison personnel, and the public. McDonald, supra, 139 N.J. at 194. Having carefully considered the record in light of this standard of review, we are convinced the DOC's determination does not violate these standards. Figueroa v. Dep't of Corr., 414 N.J. Super. 186, 191-93 (App. Div. 2010).

Here, the record demonstrates Lacey was advised of his right to call fact witnesses, present documentary evidence, N.J.A.C. 10A:4-9.13, and to confront witnesses, N.J.A.C. 10A:4-9.14. He availed himself of the right to confront witnesses and SCO Cavagnaro appeared at the hearing. He called no other witnesses. It is undisputed that the shank was recovered from a sock where it was concealed, located in a locked wall locker belonging to Lacey.

Turning to his request for a polygraph examination, which the HO denied, we note that the HO is not compelled to grant it. Pursuant to N.J.A.C. 10A:3-7.1(c), "[a]n inmate's request for a polygraph examination shall not be sufficient cause for granting the request." In Ramirez v. Dep't. of Corr., 382 N.J. Super. 18, 20 (App. Div. 2005), we emphasized that "an inmate's right to a polygraph is conditional and the request should be granted when there is a serious question of credibility and the denial of the examination would compromise the fundamental fairness of the disciplinary process." The HO found no "serious question of credibility" in SCO Cavagnaro's testimony or in the investigation, which led to the discovery of the shank. Moreover, the fact that the shank was found in a secured wall locker under Lacey's control negated the necessity to administer a polygraph to Lacey.

As noted, an agency decision must be supported by substantial evidence found in the record. Substantial evidence is defined as "such evidence as a reasonable mind might accept as adequate to support a conclusion." In re Application of Hackensack Water Co., 41 N.J. Super. 408, 418 (App. Div. 1956). "Where there is substantial evidence in the record to support more than one regulatory conclusion, 'it is the agency's choice which governs.'" In re Vineland Chem. Co., 243 N.J. Super. 285, 307 (App. Div.) (quoting De Vitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 491

(App. Div.), certif. denied, 102 N.J. 337 (1985)), certif. denied, 127 N.J. 323 (1990).

The DOC produced direct and circumstantial evidence of Lacey's guilt. Lacey has not demonstrated that the DOC's decision was arbitrary, capricious, unreasonable, or in violation of either the enabling statute or implementing regulations. See Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993) (holding that "[t]he burden of showing the agency's action was arbitrary, unreasonable or capricious rests upon the appellant"), certif. denied, 135 N.J. 469 (1994). We conclude the agency's determination was grounded in the facts of record and well within its regulatory authority. The substantial evidence in the record supports the HO's findings, which were adopted by the agency in its final determination. Those findings support the conclusion that appellant engaged in conduct prohibited by the prison for which sanctions were imposed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION