┌─────────────────────────────────────────────────────────────┐
│              **NOT FOR PUBLICATION WITHOUT THE**              │
│            **APPROVAL OF THE APPELLATE DIVISION**             │
│                                                               │
│  This opinion shall not "constitute precedent or be binding upon any court." │
│  Although it is posted on the internet this opinion is binding only on the │
│   parties in the case and its use in other cases is limited. R.1:36-3.     │
└─────────────────────────────────────────────────────────────┘

                                    SUPERIOR COURT OF NEW JERSEY
                                    APPELLATE DIVISION
                                    DOCKET NO. A-3640-14T1

IN THE MATTER OF
DAVID KENNEY,
BURLINGTON COUNTY
JAIL.
_____

          Argued December 15, 2016 — Decided  March 8, 2017

          Before Judges Hoffman and O'Connor.

          On appeal from the Civil Service Commission,
          Docket No. 2014-52.

          Mark W. Catanzaro argued the cause for
          appellant David Kenney.

          Michael V. Madden argued the cause for
          respondent Burlington County Jail (Madden &
          Madden, P.A., attorneys; Mr. Madden and Regina
          M. Philipps, on the brief).

          Christopher S. Porrino, Attorney General,
          attorney for respondent Civil Service
          Commission (Todd A. Wigder, Deputy Attorney
          General, on the statement in lieu of brief).

PER CURIAM

     Appellant David Kenney, a Burlington County corrections

officer, appeals from the April 1, 2015 final administrative agency

decision of the Civil Service Commission (Commission).  The

decision imposed a twenty-day suspension (for conduct unbecoming

a public employee, neglect of duty, and other sufficient cause) based upon Kenney's failure to report to his employer the fact the New Jersey State Police (NJSP) conducted a search of his home pursuant to a search warrant.  We reverse.

The parties stipulated the following facts before the administrative law judge (ALJ).  Kenney worked for the Burlington County Department of Corrections (BCDC) at the Burlington County Jail.  On February 6, 2006, Kenney acknowledged receipt of the jail's standard operating policies and procedures manual.  The manual stated, in pertinent part:

> It is the officer's duty and responsibility to report in writing to the Jail administrator (warden), deputy warden, and/or his designee (chief of security unless otherwise specified) within twenty-four (24) hours and/or the next working day (prior to the closing of the administrative office . . . [a]ny incident or receipt of information that may threaten institution security, confidential information being reported outside of the Jail, which may negatively impact upon the Jail.

On October 30, 2008, Kenney was scheduled to work the 7 a.m. to 3 p.m. shift.  At approximately 6 a.m., the NJSP executed a search warrant at Kenney's home as part of a child pornography investigation.  While they searched his house, the police restrained Kenney and read him his Miranda[1] rights.  The police

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

seized a number of items from Kenney's home.  At 6:30 a.m., Kenney called to state he would not report to work that day.  On March 17, 2010, the NJSP concluded it lacked sufficient evidence to charge Kenney with endangering the welfare of children, <u>N.J.S.A.</u> 2C:24-4.

In December 2012, in connection with an unrelated matter, an internal affairs officer at the jail became aware of the October 2008 search of Kenney's home.  On January 31, 2013, following a brief investigation that included an interview of Kenney, the BCDC served Kenney with a preliminary notice of disciplinary action (PNDA)[2] for failing to report the NJSP investigation involving the search of his home.

On June 26, 2013, following a disciplinary hearing, the BCDC served Kenney with a final notice of disciplinary action, suspending him for twenty working days.  Kenney appealed the decision to the Office of Administrative Law (OAL) pursuant to <u>N.J.S.A.</u> 40A:14-202(d).  The matter was treated as a contested case and assigned to an ALJ for a hearing.

Before the ALJ, the internal affairs officer testified that Kenney explained he did not report the incident because "he wasn't concerned with the facility, he was only concerned with himself."

---

[2]    The PNDA charged appellant with conduct unbecoming a public employee, <u>N.J.A.C.</u> 4A:2-2.3(a)(6); neglect of duty, <u>N.J.A.C.</u> 4A:2-2.3(a)(7); and other sufficient cause, <u>N.J.A.C.</u> 4A:2-2.3(a)(12).

A-3640-14T1

Kenney admitted he was familiar with the jail's standard operating policies and procedures manual, but said he did not believe the search of his home was "a reportable incident." The internal affairs officer testified Kenney "could have been placed in different areas of the facility if the administration had known about his situation[,] [w]here his responsibility would have been less."

One of the jail's lieutenants also testified. He related his experience with corrections officers "involved in a situation not . . . reported to us. And you could clearly tell they weren't a hundred percent attentive to their duties because of the situation." He explained he "moved them to an area that was less likely to have inmate contact. It would be a . . . quieter area . . . for their own piece of mind and to make sure that there was nothing to threaten [the jail's] safety and security."

On cross-examination, the lieutenant acknowledged he had "no information that Officer Kenny wasn't attentive to his duties during [the] time frame" at issue. Nor did he "have any information that Officer Kenny wasn't attentive to his duties in December of 2012 or January 2013." Appellant did not testify.

The ALJ sustained the administrative charges of conduct unbecoming a public employee, neglect of duty, and other sufficient cause. The ALJ concluded the jail's standard operating policies

and procedures manual established that Kenney had a "duty to report the incident of October 30, 2008." The ALJ explained:

> No matter what the correction officer considers the likelihood of an arrest, indictment or criminal information, Jail management must be in a position to make a reasonable determination of what, if any, action to take regarding the assignment of an officer who is the subject of an ongoing criminal investigation. Appellant's action deprived the Jail of taking any action that might have been determined appropriate to fulfill its obligations and duties to the public and the staff of the facility.

The Commission "accepted and adopted the Findings of Fact and Conclusion as contained in the . . . [ALJ]'s initial decision." This appeal followed.

On appeal, Kenney argues the jail's standard operating policies and procedures manual, "in existence at the time[,] was vague and subject to various levels of interpretation." He further contends he "had to be clairvoyant to know what had to be disclosed and what did not."

Our scope of review of an administrative agency's final determination is limited. In re Carter, 191 N.J. 474, 482 (2007). We accord to the agency's exercise of its statutorily delegated responsibilities a "strong presumption of reasonableness." City of Newark v. Nat. Res. Council, 82 N.J. 530, 539, cert. denied, 449 U.S. 983, 101 S. Ct. 400, 66 L. Ed. 2d 245 (1980). The burden is upon the appellant to demonstrate grounds for reversal. McGowan

A-3640-14T1

v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (citation omitted); see also Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993) (citation omitted) (holding that "[t]he burden of showing the agency's action was arbitrary, unreasonable, or capricious rests upon the appellant"), certif. denied, 135 N.J. 469 (1994).

To that end, we will "not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Application of Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008) (citations omitted); see also Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9-10 (2009) (citation omitted). We are not, however, in any way "bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973). If substantial evidence supports the agency's decision, "a court may not substitute its own judgment for the agency's even though the court might have reached a different result." Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992) (citations omitted).

In this case, we note on June 1, 2012, the jail amended its standard operating policies and procedures manual to state, "Any contact with a law enforcement agency must be reported immediately to the department.  This includes, but not limited to [sic], the officer being questioned, victim, witness, or suspect [sic]."

The manual continues to state officers have duty to report "[a]ny incident or information which may negatively impact upon the jail and/or any information that may threaten security."  The June 1, 2012 amendment supports the validity of Kenney's argument in two ways.  First, the manual separately lists the new duty (to report any contact with law enforcement) immediately after the duty at issue (to report information that may negatively impact upon the jail), suggesting the duty at issue did not include the duty to report "[a]ny contact with a law enforcement agency." Second, even if the jail had amended the duty at issue to require its officers to report contact with law enforcement, the amendment would have effectively admitted that the previous version was unclear regarding the type of incidents that could "negatively impact" upon the jail or threaten security.

Because we are not "bound by the agency's interpretation of a statute or its determination of a strictly legal issue," we decline to read a duty into the jail's manual that the jail itself was unsure it had established before the June 1, 2012 amendment.

Mayflower, supra, 64 N.J. at 93. The jail's internal affairs officer testified that Kenney told him "he did not believe [the police investigation] was a reportable incident." We find the decision under review lacks the required substantial evidence to support the finding that Kenney violated the jail's standard operating policies and procedures manual, as it existed in October 2008. We therefore reverse the Commission decision under review.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION