**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3997-16T3

B.L.,

    Petitioner,

v.

DIVISION OF MEDICAL ASSISTANCE
AND HEALTH SERVICES,

    Respondent-Respondent.

_____

FUTURE CARE CONSULTANTS, LLC,

    Intervenor-Appellant.

_____

          Submitted August 8, 2018 — Decided August 16, 2018

          Before Judges Hoffman and Currier.

          On appeal from the Division of Medical
          Assistance and Health Services.

          SB2 Inc., attorneys for appellant (John P.
          Pendergast, on the brief).

          Gurbir S. Grewal, Attorney General, attorney
          for respondent (Melissa H. Raksa, Assistant
          Attorney General, of counsel; Jacqueline R.
          D'Alessandro, Deputy Attorney General, on the
          brief).

PER CURIAM

B.L. is a resident at an assisted living facility; the Office of the Public Guardian (OPG) was appointed to serve as her plenary guardian and submitted an application for Medicaid benefits on B.L.'s behalf. After respondent, New Jersey Department of Human Services, Division of Medical Assistance and Health Services (DMAHS) denied the application, OPG appealed, and the matter was transferred to the Office of Administrative Law (OAL).

Appellant Future Care Consultants, LLC (FCC), the fiscal agent for the assisted living facility, moved to intervene in the appeal. OPG submitted a letter opposing the motion, and advising FCC had requested it be appointed B.L.'s Medicaid Designated Authorized Representative. That application was pending in the Superior Court, Chancery Division. After the Chancery judge denied the motion, FCC requested the OAL grant its motion to intervene.

FCC also filed for guardianship of B.L. in the Chancery Court. An Administrative Law Judge (ALJ) ordered OPG to file its opposition to the motion to intervene by March 1. The ALJ advised he would hear the motion on March 9, the same date as the scheduled fair hearing.

OPG did not file opposition but instead advised the OAL and FCC's counsel on March 3 that it was withdrawing the request for a fair hearing. FCC's motion for guardianship of B.L. had been

denied by the Chancery judge and after a "careful review," OPG determined there was no basis to move forward with the hearing.

Despite OPG's withdrawal of its appeal, FCC nevertheless asked the ALJ to rule on its motion to intervene so that the appeal might continue to a determination. OPG opposed the motion.

On March 8, 2017, ALJ Morejon determined he could not rule on FCC's motion as OPG had withdrawn its request for a fair hearing prior to the return date scheduled for the motion. Therefore, the motion to intervene was moot.

Upon receipt of the ALJ's ruling, FCC requested DMAHS re-open the administrative appeal. DMAHS did not respond.

On appeal, FCC does not dispute the ALJ's ruling that the motion to intervene was moot; instead, it asserts that DMAHS must re-open the appeal and transfer it to the OAL.

Our review of an administrative agency's determination is a limited one. We will "not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008).

The burden is upon the appellant to demonstrate grounds for reversal. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544,

563 (App. Div. 2002); see also Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993) (holding that "[t]he burden of showing the agency's action was arbitrary, unreasonable[,] or capricious rests upon the appellant.").

We are satisfied DMAHS was not arbitrary or capricious in not accommodating FCC's request to re-open the appeal. OPG was the lawfully appointed plenary guardian of B.L. It alone had the statutory power to pursue or defend litigation on her behalf. See N.J.S.A. 3B:12-25. FCC's application to assume guardianship of B.L. was denied by the Chancery judge. Therefore, it had no authority to bring any claim in her name. Once OPG withdrew its request for a fair hearing prior to a determination of FCC's intervention motion, the motion was rendered moot. Only OPG had the authority to continue the claim before the OAL. As a result, DMAHS properly declined to respond to FCC's request to re-open the case.

Appeal is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-3997-16T3