**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1888-17T1

ERIC STRAUB,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued telephonically February 6, 2019 –
Decided August 8, 2019

Before Judges Sabatino and Sumners.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. 3-10-051766.

Herbert J. Stayton, Jr., argued the cause for appellant (Ridgway & Stayton, LLC, attorneys; Herbert J. Stayton, Jr., on the brief).

Austin J. Edwards, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant

Attorney General, of counsel; Austin J. Edwards, on the brief).

PER CURIAM

Petitioner Eric Straub appeals from the November 13, 2017 final agency decision of the Board of Trustees of the Police and Firemen's Retirement System ("the Board") denying his claim for accidental disability retirement benefits under N.J.S.A. 43:16A-7, and instead granting him ordinary disability. The Board determined that Straub's injury from a work-related motor vehicle accident was not the direct result of his total and permanent disability, but instead the result of a pre-existing condition. Considering the substantial deference that must be accorded to the Board in such administrative matters when it applies the pertinent statutes within its area of expertise, we affirm.

Straub was employed as a Lieutenant with the Monroe Township Police Department on July 14, 2012, when he was driving an unmarked police motor vehicle that was rear-ended. He immediately advised his supervisor of the accident and went to the hospital due to lower back soreness and stiffness. He was diagnosed with a lumbar muscle spasm, sprain and strain. He remained on leave from work to receive medical treatment until August.

Still complaining of back pain a year later, Straub followed his doctor's advice and stopped working in August 2013. In October 2013, Dr. Alexander

R. Vaccaro performed a spinal fusion and a discectomy on Straub. Thereafter, in August 2014, Straub retired and sought accidental disability retirement benefits arising from the July 2012 motor vehicle accident.

On December 14, 2015, the Board agreed with Straub that he was totally and permanently disabled, but denied his application and granted him ordinary disability retirement benefits, which provides lesser compensation. The Board determined the accident was not undesigned and unexpected, and Straub's disability was caused by a pre-existing condition.

Straub disagreed with the Board's initial determination, so the matter was transmitted to the Office of Administrative Law for a fact-finding hearing. Straub testified at the hearing and presented the testimony of Dr. David O. Weiss, D.O., his medical expert. The Board presented the testimony of its medical expert, Dr. Jeffrey F. Lakin, M.D. The Administrative Law Judge (ALJ) conducting the hearing determined both doctors were experts in orthopedic surgery.

On October 3, 2017, applying the standard set forth in Richardson v. Board of Trustees, Police and Firemen's Retirement System, 192 N.J. 189, 212-13 (2007), the ALJ concluded in his initial decision that while Straub was physically incapable of performing his job, and the July 2012 accident was

undesigned and unexpected, the accident was not the direct result of Straub's total and permanent disability. The ALJ determined "[t]he preponderance of the evidence leads to the conclusion the [disability] resulted from a combination of causalities including his pre-existing conditions." Medical records substantiated that Straub had back injuries from motor vehicle accidents in December 1997 and May 2001.

The ALJ credited Dr. Lakin's opinion that the records of Dr. Vaccaro referencing the 1997 and 2001 accidents demonstrated that the July 2012 accident was not the direct cause of Straub's debilitating back injury, but rather exacerbated his pre-existing condition caused by the earlier accidents. In preparing his initial expert's report, Dr. Lakin did not have any medical records regarding Straub's injuries from the prior two accidents, and thus opined that Straub was totally and permanently disabled from the July 2012 accident. The "new" records included Dr. Vaccaro's May 2002 office notes, which state that Straub had "continued low back pain in the setting of discogenic low back pain at L4-5 and L5-S1 with a possible grade [1] spondylolisthesis at L5-S1." Based on this and other new documentation, Dr. Lakin amended his report and testified that before the July 2012 accident, Straub had pre-existing injuries of: a herniated disc to the lumbar spine at L4-5; grade 1 isthmic spondylolisthesis at

L5-S1 with a small disc protrusion at L4-5; and a left paracentral disc protrusion at L5-S1.

On the other hand, the ALJ was unpersuaded by Dr. Weiss' opinion that the July 2012 accident was the "competent producing factor" in Straub's disability because his report "did not reflect . . . review of [Dr. Vaccaro's] reports but relied on the post[-]2012 [accident] medical reports." The ALJ also found unconvincing Dr. Weiss' testimony that Straub's injury from the 1997 accident may have been asymptomatic until it was merely aggravated and accelerated by the July 2012 accident. Moreover, the ALJ found it significant that Dr. Weiss did not mention the 2001 accident in his expert's report nor did he reference any diagnosis from the 1997 accident.

Straub filed exceptions with the Board to the ALJ's decision. On November 13, 2017, the Board adopted the ALJ's initial decision as its final agency decision denying Straub's application for accidental disability retirement benefits. This appeal ensued.

The sole issue before us is whether the record supports the Board's findings, as adopted from the ALJ's decision, that Straub's total and permanent disability is not a direct result of the July 2012 motor vehicle accident, but to the contrary the result of a pre-existing injury.

 A-1888-17T1

In Richardson, the Court held that an officer who seeks accidental disability retirement benefits must prove:

1. that he is permanently and totally disabled;

2. as a direct result of a traumatic event that is

    a. identifiable as to time and place,

    b. undesigned and unexpected, and

    c. caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);

3. that the traumatic event occurred during and as a result of the member's regular or assigned duties;

4. that the disability was not the result of the member's willful negligence; and

5. that the member is mentally or physically incapacitated from performing his usual or any other duty.

[192 N.J. at 212-13 (emphasis added).]

The Court in Richardson defined a "traumatic event" under the statute as "essentially the same as what [it] historically understood an accident to be – an unexpected external happening that directly causes injury and is not the result of pre-existing disease alone or in combination with work effort." Id. at 212;

6

see also Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 30 (2011).

Straub argues that under Richardson, his disability was not the result of a pre-existing injury from the 1997 and 2001 accidents, but was caused by the July 2012 accident, and Dr. Lakin's opinion is based upon medical evidence that does not exist. He asserts that the Board and Dr. Lakin's reliance upon Dr. Vaccaro's assessment of "a possible grade 1 isthmic spondylolisthesis at L5-S1" is misplaced, because it is not based upon a reasonable degree of medical probability and is controverted by objective medical testing.

Straub maintains that he completely recovered from the 1997 accident that resulted in herniation at L4-5, and the condition was not revived by the 2001 accident, which did not cause any new injury to his back. He cites the fact that between the 2001 and 2012 accidents, he: did not miss any time from work; was without physical limitations; only received chiropractic care as needed; and was not taking any prescription medication for low back ailment. It was only after the 2012 accident that Straub claims the back pain he began to suffer from compromised his activities of daily living, such that he was unable to perform his job as a police officer.

7

Our scope of review of an administrative agency's final determination is limited. In re Herrmann, 192 N.J. 19, 27 (2007). A "strong presumption of reasonableness attaches" to the agency's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993)). The burden is upon the appellant to demonstrate grounds for reversal. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002); see also Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993) (stating that "[t]he burden of showing the agency's action was arbitrary, unreasonable[,] or capricious rests upon the appellant").

According deference to the Board's fact-finding, Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9-10 (2009), we conclude its decision is neither "arbitrary, capricious, or unreasonable, or . . . lacks fair support in the record." Russo, 206 N.J. at 27 (quoting Herrmann, 192 N.J. at 27-28). Under Gerba v. Board of Trustees, Public Employees Retirement System, 83 N.J. 174, 187 (1980), our Supreme Court held that for a member of the Public Employees' Retirement System to qualify for accidental disability benefits, it need not show that the traumatic event is the "sole or exclusive cause of the disability," but that the alleged traumatic event is "the direct cause, i.e., the essential significant or substantial contributing cause of the disability[.]"

A-1888-17T1

We are satisfied "that the evidence and the inferences to be drawn therefrom support" the Board's decision that Straub's back injury was not the direct result of the 2012 motor vehicle accident, but from a significant prior history of back injuries from accidents in 1997 and 2001. Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 588 (1988). The Board found that the credibility of the medical experts weighed in favor of its expert, Dr. Lakin, who unlike Straub's expert, Dr. Weiss, fully assessed Straub's medical history resulting from the three motor vehicle accidents. Straub has not demonstrated that the Board's action was arbitrary, unreasonable, or capricious. McGowan, 347 N.J. Super. at 563 (App. Div. 2002) (burden rests upon the appellant to demonstrate grounds for reversal). Thus, we will not disturb the Board's determination that Straub is not entitled to accidental disability benefits.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9