**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3978-19

COURTNEY BUNCH,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

> Submitted March 24, 2021 – Decided April 20, 2021
>
> Before Judges Ostrer and Enright.
>
> On appeal from the New Jersey State Parole Board.
>
> SM Law PC, attorneys for appellant (Marc D. Miceli, of counsel and on the briefs).
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Courtney Bunch appeals from a May 27, 2020 final agency decision by the New Jersey State Parole Board (Board) revoking his parole and ordering him to serve eighteen months in state prison for violating conditions of parole supervision for life (PSL). We affirm.

I.

Bunch was sentenced in 2005 to three years in prison for third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). In addition to the custodial term, Bunch was sentenced to PSL under Megan's Law, N.J.S.A. 2C:43-6.4. He was released from custody in June 2007 and began to serve PSL. The record reflects Bunch violated PSL conditions five times and served five violation terms before his most recent PSL violation in September 2019.

Prior to his 2019 PSL violation, Bunch was apprehended in July 2018 on a parole violation warrant. In November 2018, the Board conducted a final revocation hearing. The hearing officer sustained the violations, but determined they were not so serious or persistent to warrant revocation. The hearing officer recommended that Bunch be continued on PSL status subject to completing a 180-day program entitled PROMISE, a program geared to "returning offenders with mental illness safely and effectively" to the community. A two-member Board panel concurred with the hearing officer's findings and recommendation

in February 2019, so Bunch's parole was continued, subject to his successful completion of the PROMISE program.

## II.

In September 2019, a month before he was due to complete PROMISE, Bunch was terminated from the program and remanded into custody for violating parole. On September 11, 2019, he was served with written notification of his violation, alleging he failed to complete PROMISE and that while he attended the program, he engaged in suspicious behavior in the restroom, inappropriately touched another client, refused to sign a thirty-day behavioral contract, and kicked a television stand.

With the benefit of counsel, Bunch waived a probable cause hearing and proceeded directly to a final parole revocation hearing on November 21, 2019. During the revocation hearing, Bunch pled "guilty with an explanation" to the sole violation at issue, i.e., failing to complete PROMISE. His attorney admitted to Hearing Officer Shea that Bunch was discharged early from PROMISE. Counsel explained the early discharge was based on approximately "six writeups that [Bunch] received . . . which really don't amount to anything of the level of serious or persistent as described under the New Jersey statute or the case law." In his defense, Bunch denied committing various infractions at PROMISE,

A-3978-19

including touching another client, and he contended certain infractions resulted from misunderstandings between himself and staff. Bunch also stated he intended no disrespect towards staff.

Hearing Officer Shea also considered a parole officer's testimony regarding Bunch's failure to successfully complete PROMISE. The parole officer stated:

> I reviewed [Bunch's] record, and it appears that he's been through every alternative program either in lieu of custody or as a corrective measure to bring him back into compliance where the behavior started regressing. Now this also included the Promise Program, which was supposed to be the end all, so to speak.

Based on the "totality of the circumstances," the parole officer recommended revocation of Bunch's parole and that he serve an eighteen-month-term of incarceration.

The hearing officer found by clear and convincing evidence that Bunch violated the condition of his supervision by failing to successfully complete PROMISE. She concluded the violation "is serious and revocation is desirable." Additionally, the hearing officer found Bunch

> received numerous write-ups for failing to follow directives within the facility[,] . . . blatantly disregarded staff directives and acted inappropriately when things did not go his way. [Bunch] was again given an opportunity to remain in the program after being placed

A-3978-19

on a 30-day contract. However, [Bunch] refused to sign the contract because he "did not feel it was necessary" and then received another write-up after he was placed on the contract.

The hearing officer agreed with the parole officer's recommendation to revoke Bunch's PSL status and compel him to serve an eighteen-month prison term. On December 18, 2019, a two-member Board panel affirmed the hearing officer's findings. Bunch filed an administrative appeal and on May 27, 2020, the full Board issued its final agency decision affirming the parole revocation decision.

III.

On appeal, Bunch raises the following contentions for our consideration:

POINT I

THE BOARD PANEL FAILED TO CONSDIDER MATERIAL FACTS AND FAILED TO DOCUMENT THAT CLEAR AND CONVINCING EVIDENCE INDICATED THAT MR. BUNCH HAS SERIOUSLY OR PERSISTENTLY VIOLATED THE CONDITIONS OF PAROLE.

POINT II

THE BOARD FAILED TO DEMONSTRATE THAT REVOCATION OF PAROLE IS DESIRABLE.

A-3978-19

POINT III

THE BOARD PANELS' DECISION IS CONTRARY
TO WRITTEN BOARD POLICY OR PROCEDURE.

In addition, Bunch raises the following argument in his reply brief:

POINT I

APPELLANT'S PRIOR VIOLATIONS SHOULD NOT
BE CONSIDERED HERE.

IV.

We find insufficient merit in these arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following few comments.

Our standard of review is deferential to the Board, and we are limited to evaluating whether the Board acted arbitrarily or abused its discretion. In re Vey, 272 N.J. Super. 199, 205-06 (App. Div. 1993). "The question for a [reviewing] court is '"whether the findings made could reasonably have been reached on sufficient credible evidence present in the record," considering "the proofs as a whole," with due regard to the opportunity of the one who heard the witnesses to judge of their credibility.'" Hobson v. N.J. State Parole Bd., 435 N.J. Super. 377, 388 (App. Div. 2014) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). The burden is on the challenging party to show the Board's

A-3978-19

actions were arbitrary, unreasonable, or capricious. <u>Bowden v. Bayside State Prison</u>, 268 N.J. Super. 301, 304 (App. Div. 1993). Bunch fails to sustain that burden here.

Although most parole actions require only a preponderance of the evidence, revocation of parole must be supported by clear and convincing evidence. N.J.A.C. 10A:71-7.12(c)(1); N.J.A.C. 10A:71-7.15(c). Clear and convincing evidence persuades the fact finder "that the truth of the contention is 'highly probable.'" <u>Hobson</u>, 435 N.J. Super. at 387 (quoting <u>In re Perskie</u>, 207 N.J. 275, 290 (2011)). The evidence must be "so clear, direct and weighty and convincing as to enable either a judge or jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." <u>In re Registrant R.F.</u>, 317 N.J. Super. 379, 384 (App. Div. 1998) (quoting <u>In re Seaman</u>, 133 N.J. 67, 74 (1993)). "Implicit in that standard is a court's obligation to reverse where the evidence, viewed in the light most favorable to the agency's decision, is inadequate to meet the standard of proof." <u>Hobson</u>, 435 N.J. Super. at 388.

The Board should only revoke parole for serious and persistent violations of parole. N.J.A.C. 10A:71-7.12(a)(1); <u>see also</u> Hobson, 435 N.J. Super. at 391 ("Absent [a] conviction of a crime, the Board has [revocation] authority only if the parolee 'has seriously or persistently violated the conditions of his

parole.'" (quoting N.J.S.A. 30:4-123.60)).  Further, the Board must determine "[w]hether [the] revocation of parole is desirable."  N.J.A.C. 10A:71-7.12(c)(2).

In Hobson, we noted, "[t]he Legislature did not further define the type of conduct it intended to capture within the statutory standard - 'seriously or persistently violated.'  And the Board has not adopted a regulation to guide exercise of its expertise to distinguish cases in which parole should and should not be revoked."  435 N.J. Super. at 382.  Accordingly, this determination falls to the Board's "highly predictive and individualized discretionary appraisals."  Acoli v. N.J. State Parole Bd., 224 N.J. 213, 222 (2016) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)).

Additionally, the relaxed rules of evidence governing an administrative hearing apply to a parole revocation hearing.  Jamgochian v. N.J. State Parole Bd., 196 N.J. 222, 250 (2008); see also N.J.S.A. 52:14B-10(a)(1) (providing that "parties shall not be bound by rules of evidence" and "[a]ll relevant evidence is admissible").  Accordingly, "hearsay evidence will be admissible, subject to the sound discretion of the Parole Board."  Jamgochian, 196 N.J. at 250 (citing N.J.A.C. 1:1-15.5).

Here, there is clear and convincing evidence Bunch violated the conditions of his parole.  Specifically, the Board required Bunch to successfully

complete the PROMISE program, following a fairly recent violation of PSL conditions. Bunch conceded he did not fulfill this obligation. Further, as the hearing officer determined, Bunch was afforded an opportunity to remain in the program but "failed to take advantage of the opportunities provided to him."

We also find no support in the record for Bunch's claim the Board failed to consider that his violation of the conditions of his parole was not serious. Following its thorough review of this matter, the Board determined the parole violation was serious, see N.J.A.C. 10A:71-7.12(c)(1), and that parole revocation was desirable, see N.J.A.C. 10A:71-7.12(c)(2), because Bunch failed to successfully complete PROMISE after being afforded multiple opportunities to comply with the program's rules. We are convinced the Board's findings are supported by "'sufficient credible evidence present in the record' considering 'the proofs as a whole,'" In re Taylor, 158 N.J. 644, 656 (1999) (quoting Close, 44 N.J. at 599), and Bunch otherwise fails to sustain his "burden of showing" the Board's decision is "arbitrary, unreasonable or capricious," McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002).

Finally, Bunch unpersuasively argues the Board's decision was contrary to written Board policy and procedure because he was not given a probable cause hearing within fourteen days of being taken into custody on the parole violation.

9

N.J.A.C. 10A:71-7.5(a). The record reflects Bunch requested representation by counsel and waived his right to have his hearing conducted within the fourteen-day timeframe "pending the assignment of counsel." Moreover, as we have stated, Bunch waived the probable cause hearing and opted to proceed directly to the final revocation hearing. Accordingly, we find no due process violation or violation of N.J.A.C. 10A:71-7.5(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION