**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2738-22

DANIEL WATKINS,
a/k/a DANIEL G. WATKINS,
DANIEL GLENN WATKINS JR.,
DANIEL G. WATKINS JR.,
and CHRISTOPER R. WATKINS
JR.,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted November 4, 2024 – Decided December 23, 2024

Before Judges Berdote Byrne and Jacobs.

On appeal from the New Jersey State Parole Board.

The Bank of Princeton, attorneys for appellant (Daniel J. O'Donnell, on the brief).

Matthew Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Daniel Watkins appeals the decision of the New Jersey State Parole Board ("Board") revoking his parole supervision for life ("PSL") status for "seriously" and "persistently" violating special conditions of his parole pursuant to N.J.S.A. 30:4-123.60(b). We conclude his special conditions are constitutional, and the Board's decision to revoke PSL was not arbitrary, capricious, or unreasonable, and affirm.

On November 18, 2019, Watkins plead guilty to one count of third-degree possession of child pornography contrary to N.J.S.A. 2C:24-4b (5) and was sentenced to a three-year custodial term and PSL. As part of his PSL, two special conditions were imposed upon him: (1) he was ordered "to refrain from the possession and/or utilization of any computer and/or device that permits access to the Internet unless specifically authorized by the District Parole Supervisor or designated representative" ("Special Condition One"); and (2) he was ordered "to refrain from purchasing, viewing, downloading, possessing, and/or creating picture, photograph, negative, film, movie, videotape, Blu-ray, DVD, CD, CD-ROM, streaming video, video game, computer-generated or virtual image or other representation, publication, sound recording, or live performance that is predominately oriented to descriptions or depictions of

sexual activity" ("Special Condition Two").  Despite these restrictions, Watkins was given prior permission to possess an Alcatel Trac Phone with limited internet capabilities and an Xbox video game system with internet access.

Watkins began his PSL term on May 10, 2022, after being released from custody.  On July 26, 2022, the Gloucester County Prosecutor's Office, the Monroe Township Police Department, and his parole officers executed a search warrant at Watkins's residence.  Officers found a cell phone with internet capabilities Watkins admitted he owned, hid from his parole officer, and used to view pornography "about [twelve] times" in violation of his PSL.  These admissions were verbally relayed to officers and later memorialized in a statement, after a Miranda waiver was executed, at the Monroe Township Police Department.

Watkins was served with a hearing notice where his alleged parole violations would be assessed, but he waived this hearing, while represented by counsel, and elected instead to proceed directly to a final parole revocation hearing.  At the September 21, 2022 hearing, Watkins entered a guilty plea with explanation.  Regarding violation of Special Condition One, Watkins testified he needed an internet-capable phone to coordinate medical services and transportation for work and, although he attempted to obtain permission from

his parole officer, he was denied. Regarding his violation of Special Condition Two, Watkins explained "he viewed pornography because he is a 'grown man' . . . . and explained that he 'felt alone.'" Watkins further testified "he d[id] not recall how many times he viewed adult pornography, and that he 'threw the number [12] out there' when the parole officer asked him," due to the duress he experienced during the initial search.

The hearing officer recommended the Board revoke Watkins's PSL status and sentence him to a twelve-month term of incarceration for "serious" violations of his PSL special conditions, specifically expressing concern Watkins had admitted to violating his parole less than three months after being released from custody and "[Watkins's] actions were deceptive" and "demonstrate[d] . . . he is not amenable to continued supervision." A two-member Board panel concurred with this conclusion and revoked Watkins's PSL, finding he admitted he owned the phone and hid it, and also admitted he used the phone to view adult pornography on multiple occasions.

In the interim, we were presented with a separate appeal from Watkins, challenging his initial sentence of PSL. We heard that appeal at an Oral Sentencing Calendar pursuant to Rule 2:9-11 and remanded to the trial court on October 19, 2022, to make more specific findings supporting the initial

imposition of PSL. In light of our decision, the two-member panel vacated the decision revoking his PSL on November 14, 2022.

Per our instruction, the trial court amended Watkins's judgment of conviction with more detailed findings supporting the imposition of PSL on December 16, 2022. In light of this more detailed judgment, which was not appealed, the two-member Board panel reinstated its decision to revoke Watkins's PSL status on December 22, 2022, which was affirmed by the full Board on March 29, 2023. This appeal of the revocation of PSL followed, in which Watkins makes two main arguments: first, he claims Special Condition One is unconstitutionally overbroad; and second, he asserts the revocation was improper because he did not "seriously" or "persistently" violate his parole by clear and convincing evidence.

Generally, review of the Board's decision is limited, and we will defer to its decision if it is supported by the record and not arbitrary, capricious[,] or unreasonable. Hobson v. N.J. State Parole Bd., 435 N.J. Super. 377, 391 (App. Div. 2014) (emphasis omitted) (quoting In re Taylor, 158 N.J. 644, 657 (1999)). We review "'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole,'" Id. at 388 (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)).

The appellant bears the burden of proving the Board's decision was arbitrary, unreasonable, or capricious. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002); Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993).

Appellant's constitutional argument fails as a matter of law. "[P]arolees in general[] are subject to 'continued governmental oversight and diminished personal autonomy when they are on parole or some other form of post-release supervision.'" J.I. v. N.J. State Parole Bd., 228 N.J. 204, 221 (2017). N.J.A.C. 10A:72-14.1(a) "applies to the imposition of a special condition prohibiting an offender access to the Internet . . . in cases of offenders serving a special sentence of [PSL]." Ibid. The regulation allows a special condition prohibiting internet access if: (1) "there is a specific and articulable reason and a clear purpose for the imposition of the Internet access condition"; and (2) "the imposition of the Internet access condition will act as an aid to the offender's re-entry effort, will promote rehabilitation of the offender, is deemed necessary to protect the public, or will reduce recidivism by the offender." N.J.S.A. 10A:72-14.1(b)(1) and (2). Restrictions may include prohibiting an offender "from the possession and/or utilization of any computer and/or device that permits access to the Internet unless specifically authorized by the [parole supervisor] or

A-2738-22

designee." N.J.A.C. 10A:72-14(c)(1). These restrictions must be "reasonably tailored to advance the goals of rehabilitation or public safety." J.I., 228 N.J. at 229; see also K.G. v. N.J. State Parole Bd., 458 N.J. Super. 1, 35 (App. Div. 2019).

Watkins's internet restriction is constitutional and consistent with the standards set forth in N.J.A.C. 10A:72-14. The Board has "a specific and articulable reason and clear purpose" to restrict Watkins's internet access because his underlying offense involved uploading dozens of files from the internet depicting the sexual exploitation of children. See J.I., N.J. at 224 ("Internet conditions should be tailored to the individual [PSL] offender, taking into account such factors as the underlying offense and any prior criminal history, whether the Internet was used as a tool to perpetrate the offense, the rehabilitative needs of the offender, and the imperative of public safety."). Moreover, this restriction is "necessary to protect the public" and "reduce recidivism" because it is tailored to Watkins's underlying conviction, disseminating child pornography via the internet, and seeks to prevent him from committing the same crime again. See J.B., 433 N.J. Super. at 341 (upholding a parolee's special condition prohibiting the use of social media because it was "legitimately aimed at restricting . . . [the] offender[] from participating in

7

unwholesome interactive discussions on the Internet with children or strangers who might fall prey to their potential recidivist behavior"). Also, Special Condition One is reasonably tailored because it still offers Watkins the ability to access the internet through reasonable requests to his parole supervisor and is subject to yearly review to ensure the restriction is still reasonable, given the passage of time and the totality of circumstances. See N.J.A.C. 10A:72-14.4. Lastly, it is undisputed Watkins has been afforded tailored access to the internet through the use of the Alcatel Trac phone and Xbox video game system.

With respect to the Board's revocation of PSL, N.J.S.A. 30:4-123.60(b) instructs "[a]ny parolee who has seriously or persistently violated the conditions of his parole may have his parole revoked . . . ." Before revocation, a parole hearing must be held in which a hearing officer determines "[w]hether, by clear and convincing evidence, the parolee has seriously or persistently violated the conditions of parole" and "[w]hether parole is desirable." N.J.A.C. 10A:71-7.12(c). "The Board has [revocation] authority only if the parolee 'has seriously or persistently violated the conditions of his parole.'" Hobson, 435 N.J. Super. at 391 (quoting N.J.S.A. 30:4-123.60).

We decline to disturb the Board's decision to revoke Watkins's parole because credible evidence in the record proves he violated Special Conditions

One and Two by clear and convincing evidence, and those violations rose to the level of "serious" or "persistent." Watkins admitted to his parole officer he possessed an internet-capable smartphone, after having been denied permission to obtain and use one, and used it to watch adult pornography a dozen times. His actions were deceptive, and the Board was concerned that Watkins had violated both special conditions of his parole less than three months after commencing PSL. Considering the timing of the parole violation relative to his release from custody, the Board's conclusion is not arbitrary, capricious, or unreasonable. See Hobson, 435 N.J. Super. at 390 (reversing the Board's conclusion a parolee has seriously violated a special condition of his parole prohibiting him from consuming alcohol "[g]iven [the parolee's] undisputedly consistent record of refraining from the use of alcohol during the two-year period following his release"). Watkins's appeal is further belied by his own signed, written admission that he "took it upon [himself] to get [an] [internet-capable] phone" after his initial request was denied. This defiance is further denoted by his testimony at the September 21, 2022 hearing where he admitted to viewing pornography despite Special Condition Two because he is a "grown man."

A-2738-22

We reject Watkins's unpersuasive arguments as to why his violations were not serious or persistent, including that he did not seriously violate Special Condition One because he needed an internet-capable phone for medical services and coordinating transportation, and he only resorted to violating this condition because his request for a phone "went unanswered without any review or evaluation." The record is clear he was denied permission. Regardless, Watkins had no authority to willingly violate Special Condition One solely because he believed his request for an internet-capable phone was improperly denied. Cf. In re Felmeister, 95 N.J. 431, 445 (1984) (holding respondents' intentional violation of a court mandate was not excused by the respondents' contention the mandate was unconstitutional). If Watkins truly believed his request was improperly denied, he should have challenged the denial through by motion instead of willfully violating his parole. See J.I., 228 N.J. at 229 ("[R]elief from overbroad or oppressive restrictions must be achieved through lawful means. A [PSL] offender must abide by the special conditions of his supervision unless and until relief is granted.").

Watkins further contends his admission of watching adult pornography twelve times in violation of Special Condition Two is neither serious nor persistent because he has since recounted this admission as to the frequency of

his viewings and maintains he "offered this number without knowledge or consideration of its verity." This argument is unavailing in light of his subsequent signed, written admission.

Accordingly, we conclude there is substantial credible evidence to affirm the Board's decision as the Board did not act arbitrarily, capriciously or unreasonably.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-2738-22