**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0783-18T1

DAVID GARNETT,

      Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

      Respondent.

_____

Submitted February 26, 2020 – Decided May 6, 2020

Before Judges Koblitz and Whipple.

On appeal from the New Jersey State Parole Board.

David Garnett, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

David Garnett, an inmate at Southern State Correctional Facility, appeals from the June 20, 2018 final agency decision of the State Parole Board (Board) denying his parole and imposing a fifty-five-month future eligibility term (FET). Garnett was sentenced to an aggregate term of ten years after pleading guilty under five separate indictments for eluding, creating a false public alarm, theft by deception, resisting arrest and retaliation for past official action.

Garnett became eligible for parole on February 6, 2018. An initial hearing was held on November 16, 2017 and the hearing officer referred the matter to a board panel for a hearing. The Two-Member Board Panel denied parole based on Garnett's extensive prior offense record; his incarceration for multiple offenses; the fact that his prior opportunities on parole, prior violations of parole, and prior incarceration did not deter his criminal behavior; his lack of an adequate parole plan to assist in successful reintegration into the community; and the commission of the current offenses while on bail as well as the results of his risk assessment evaluation.

The Two-Member Board Panel also cited Garnett's insufficient problem resolution skills as one of the reasons for denial. The Two-Member Board Panel noted that Garnett demonstrated a lack of insight into his criminal behavior,

 A-0783-18T1

minimized his conduct, failed to sufficiently address his substance abuse problem, and lacked understanding of his behavior.

In regards to mitigating factors, the panel noted that Garnett was infraction free; participated in both institutional programs and programs specific to his behavior; had institutional reports which reflected favorable institutional adjustment; attempted to enroll and participate in programs but was not admitted; positively adjusted to the Assessment Center as well as the fact that he achieved and maintained minimum custody status. The panel denied Garnett's parole and referred the matter to a third board panel member for review and the establishment of an FET because Garnett lacked satisfactory progress in reducing the likelihood of future criminal behavior.

The Three-Member Board Panel issued a notice of decision, dated January 3, 2018, denying parole and established a fifty-five-month FET. Garnett appealed the Three-Member Board Panel's decisions to the Board arguing the panel: (1) failed to document that a preponderance of the evidence indicates that he failed to cooperate in his rehabilitation or that there was a reasonable expectation that he would violate the conditions of parole if released; (2) failed to consider material facts; and (3) a panel member participating in the

deliberations or dispositions of the case has a demonstrable personal interest or has demonstrated bias, which affected the decision.

On June 20, 2018, the Board affirmed the denial of parole and the implementation of a fifty-five-month FET, finding no merit in appellant's challenges. This appeal followed.

On appeal, Garnett argues the Board's decision was arbitrary and capricious, because it did not follow its own guidelines for establishing the FET. He asserts the Board panel did not consider material facts, give weight to any advancements or achievements that he made since his incarceration, nor did it give any consideration to the professional reports or the documented support that was included in his file. He contends the panel's failure to consider all the pertinent material and information caused a violation of his right to due process and asserts that extension of his FET created a liberty interest and violated his fifth and fourteenth amendment rights.

Our review of final decisions of the Board is limited. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018). The Board's decisions, like those of other administrative agencies, will not be reversed unless they are "arbitrary, capricious or unreasonable or [are] not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81

N.J. 571, 579-80 (1980). This limited review of parole determinations accords agency action a presumption of validity and reasonableness. In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993). The burden is on the challenging party to show the Board's actions were unreasonable. Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304-05 (App. Div. 1993).

Pursuant to N.J.S.A. 30:4-123.53(a), the Board should generally grant parole requests for release on an inmate's parole date unless it can be shown by a preponderance of the evidence that there is an indication the inmate failed to cooperate in his or her rehabilitation or there is a "reasonable expectation that the inmate will violate conditions of parole." In determining Garnett should not be released on parole, the Board considered both mitigating and aggravating factors. The Board noted that Garnett's criminal history was extensive, and his prior experiences with the probation system did not deter him from other criminal behavior. The Board also considered Garnett's insufficient problem resolution skills and lack of insight into his own behavior. The Board considered various documents which noted Garnett's participation in institutional programs and noted: he was infraction free; he participated in institutional programs as well as programs specific to his behavior; institutional reports reflected favorable institutional adjustment; he made attempts to enroll in programs

despite being denied admission; his positive adjustment to the Assessment Center; and his minimum custody status was achieved and maintained. The Board also considered the letter of mitigation submitted by Garnett.

The Board's decision to impose a fifty-five-month FET pursuant to N.J.A.C. 10A:71-3.21(c) was not arbitrary, capricious or unreasonable. The Board considered the aggregate of all pertinent factors including those set forth in N.J.A.C. 10A:71-3.11(b). The Board may impose a FET in excess of the standard guidelines in situations where the ordinary FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior." N.J.A.C. 10A:71-3.21(d). The Board found Garnett had not developed enough insight to understand why he committed his crimes and how to prevent himself from doing so in the future. These findings are supported by sufficient, credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0783-18T1