**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1250-20

TYQUAN GIBBS,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted March 21, 2022 – Decided March 30, 2022

Before Judges Mayer and Natali.

On appeal from the New Jersey Department of Corrections.

Tyquan Gibbs, appellant pro se.

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Jordynn Jackson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Tyquan Gibbs is incarcerated in the State's correctional system. He appeals from a September 28, 2020 final administrative decision by the New Jersey Department of Corrections (DOC) finding that he committed prohibited act *.009, "misuse, possession, distribution, sale, or intent to distribute or sell, an electronic communication device, equipment, or peripheral that is capable of transmitting, receiving or storing data and/or electronically transmitting a message, image or data that is not authorized for use or retention . . . ." N.J.A.C. 10A:4-4.1(a)(1)(v). Appellant was sanctioned to 240 days in the Restorative Housing Unit, 240 days of loss of commutation time credits, 365 days loss of contact visits, and thirty days loss of email privileges and use of a computer tablet. We affirm.

According to the incident reports, while investigating a disciplinary matter involving an inmate with the surname Watford,[1] Sergeant Kevin Bezek learned appellant used Watford's sign in information to access the facility's JPay, Inc. (JPay)[2] system on August 26, 2020, at 6:46 a.m. to send three communications

---

[1] The record does not include inmate Watford's first name.

[2] JPay is private company that has partnered with state, county, and federal correctional facilities. As relevant here, it offers a service that provides inmates the ability to send and retrieve e-messages through the use of personal tablets, or kiosks, that are typically placed in general population housing units.

to the facility's Administration on Watford's behalf. According to the documentation produced at the administrative hearing, it was impossible for Watford to have logged into his account on August 26th as he was on pre-hearing disciplinary status, and therefore prohibited from accessing the JPay system.

Appellant was served with the charge and the DOC conducted an evaluation to determine his mental status at the time of the infraction. After an investigation was completed, the matter was referred to a Disciplinary Hearing Officer (DHO) where appellant was offered, but declined, the assistance of a counsel substitute. He also refused to provide a written statement denying the charges or otherwise explaining his actions and instead entered a "no plea."

Appellant requested and was provided with a copy of all documentary evidence supporting the charge, including the relevant JPay inquiries improperly sent by appellant. In addition, the DHO also made available to appellant statements and reports from Sergeant Bezek and Officer R. Hawkins.[3] Appellant also requested that the DHO order the DOC to produce a video and logbook to impeach Sergeant Bezek's claim that he received evidence of appellant's misuse of the JPay system in the course of his investigation of Watford. He also sought additional JPay emails.

---

[3] Like inmate Watford, Officer Hawkins' first name is not revealed in the record.

 A-1250-20

In a written statement, the DHO denied appellant's requests and concluded the additional emails were irrelevant as they had nothing to do with the current investigation, a position to which appellant "agreed." The DHO also rejected appellant's request for a "logbook and video" and found those materials to be "repetitive" to the evidence already provided to appellant.

On line 16 of his adjudication of disciplinary charge form, appellant stated he requested confrontation of Officer Hawkins. According to the DHO, however, appellant never sought confrontation of that officer. The DHO specifically found that appellant's statement that he sought confrontation of Officer Hawkins to be false and made "in an attempt to manipulate his future course of action pending results of adjudication (i.e., appeal, grievances, etc.)."

After considering the documentary evidence, as well as Sergeant Bezek's responses to appellant's numerous confrontation questions, the hearing officer adjudicated him guilty of the *.009 charge and issued appropriate sanctions. The DHO noted that there was "an abundant amount of evidence that supports [the charge] that [appellant] used [Watford's] log in information to send . . . [inquiries] to the Administration on his behalf." In making this finding, the DHO specifically relied on the documentary evidence from the investigation of Watford, including his JPay inquiries, the JPay session log, and Officer Hawkins

A-1250-20

report. With respect to the sanctions imposed, the DHO stated it considered appellant's prior disciplinary history which included a previous *.009 charge within the prior two months, and that he was also previously informed that he was prohibited from logging in to another inmate's JPay account.

Appellant administratively appealed the disciplinary decision and claimed the DHO's findings were not based on substantial credible evidence in the record. In this regard, he challenged the evidence relied upon by the DHO, claiming certain JPay reports did not support his use of the system at the time of the infraction as they did not capture his face or "verify familiarity [with] . . . visual features." He also argued that no inmate provided a statement supporting the charge. Finally, he contended the DHO decision was void due to the existence of two unidentified individuals' handwriting on the form.

On September 28, 2020, DOC Assistant Superintendent Garyn Nathan denied appellant's appeal. In doing so, he concluded that the administrative proceedings were conducted in accordance with the "New Jersey Administrative Code on inmate discipline." Assistant Superintendent Nathan also determined the charges and sanctions were adjudicated and imposed in accordance with all procedural safeguards.

A-1250-20

Appellant raises two primary arguments on appeal. First, he argues the DOC's decision was arbitrary and capricious as it was not supported by substantial credible evidence in the record. Second, he contends the DOC reached its decision in violation of his due process rights. We reject all of appellant's arguments asserted on appeal and conclude they are of insufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E). We add the following comments to amplify our decision.

"Our role in reviewing the decision of an administrative agency is limited." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable[,] or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

When reviewing a determination of the DOC in a matter involving prisoner discipline, we engage in a "careful and principled consideration of the agency record and findings." Williams v. N.J. Dep't of Corr., 330 N.J. Super.

6

197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec. in Div. of Consumer Affairs of Dep't of Law & Pub. Safety, 64 N.J. 85, 93 (1973)). We consider not only whether there is substantial evidence that the inmate committed the prohibited act, but also whether, in making its decision, the DOC followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). An inmate's more limited procedural rights, initially set forth in Avant v. Clifford, 67 N.J. 496, 525-46 (1975), are codified in a comprehensive set of DOC regulations. N.J.A.C. 10A:4-9.1 to 9.28.

Those rights include a right to a fair tribunal, N.J.A.C. 10A:4-9.15; a limited right to call witnesses and present documentary evidence, N.J.A.C. 10A:4-9.13; a limited right to confront and cross-examine adverse witnesses, N.J.A.C. 10A:4-9.14; a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed, N.J.A.C. 10A:4-9.24; and, in certain circumstances, the assistance of counsel-substitute, N.J.A.C. 10A:4-9.12. The

7

regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams, 330 N.J. Super. at 203 (citing McDonald, 139 N.J. at 202).

Applying these principles, we are satisfied that there was substantial credible evidence in the record to support the finding of guilt on the *.009 charge, and that appellant received all the process he was due, despite his assertions to the contrary. In this regard, appellant has not demonstrated that the DOC's decision was arbitrary, capricious, or unreasonable. See Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993) (holding the "burden of showing the agency's action was arbitrary, unreasonable[,] or capricious rest on the appellant").

The documentary evidence considered by the DHO revealed that appellant was signed into Watford's JPay account on August 26, 2020, from 6:46 a.m. to 7:05 a.m., with appellant logging into his own account minutes later from 7:11 a.m. to 7:31 a.m. According to the DOC, the evidence also shows a picture of appellant's face when he signed into his JPay account and what appears to be a photograph of his body at the time Watford was purportedly using the system, at a time when Watford was prohibited from doing so based on his disciplinary status.

We also find without merit appellant's claim that the DOC failed to afford him due process before rendering its decision. The DOC conducted the disciplinary proceeding consistent with DOC regulations and Avant, including providing him with timely notice of the charge, the opportunity to receive legal assistance, the right of confrontation and to be heard before an impartial tribunal, his ability to examine and review all evidence supporting the charges, and the right to appeal.

We address, and reject, appellant's specific claim that his due process rights were violated because the DHO rejected his request to confront Officer Hawkins. As the DHO specifically noted, appellant never made a request to confront that officer. On this point, the DHO made a specific finding after appellant refused to sign the disciplinary forms that his claim that he sought to confront Officer Hawkins was "false" and made "in an attempt to manipulate his future course, of action pending results of adjudication . . . ."

We have no basis to dispute this finding and note that the record is devoid of appellant submitting any confrontation questions directed to Officer Hawkins, as he was obligated to do. See N.J.A.C. 10A:4-9.14(b), (c), and (d). Appellant was certainly aware of this requirement as he submitted in excess of thirty confrontation questions of Sergeant Bezek, along with rebuttal inquiries,

which the DHO considered and permitted in part. We also note that before us appellant has failed to explain the information he intended to elicit from Officer Hawkins or how the absence of confrontation of that officer, in light of the other proofs supporting his guilt, would have affected the outcome of the proceedings.

In sum, we are satisfied based upon our review of the record that the DOC complied with all applicable regulations and considered all relevant evidence before it. The DOC's final agency decision was not unreasonable as it was consistent with the law and supported by substantial credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-1250-20