**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3406-20

CHARLES MILLER,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted June 2, 2022 – Decided June 28, 2022

Before Judges Mawla and Alvarez.

On appeal from the New Jersey State Parole Board.

Charles Miller, appellant pro se.

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Suzanne Davies, Deputy Attorney General, on the brief).

PER CURIAM

Charles Miller, an inmate sentenced to life imprisonment for the 1976 murder of a police officer, appeals his sixth and most recent denial of parole by the New Jersey State Parole Board. On May 26, 2021, the Board affirmed the Board panel's earlier decision denying parole and imposing a thirty-six-month future eligibility term (FET). For the reasons stated by the Board, we affirm.

In its final agency decision, the Board thoroughly detailed and adopted the panel's analysis of the reasons the FET was imposed. The panel reviewed the entire record, including: the facts and circumstances of Miller's underlying offenses; his extensive prior criminal history and repetitive offense record; his commission of increasingly serious offenses; failed opportunities on probation and parole; incarcerations that failed to deter Miller from criminality; and over fifty institutional infractions, the last occurring in 2003. The panel also noted his lack of an adequate parole plan, "[i]nsufficient problem[] resolution[,]" lack of insight into criminality, and conduct minimization. The panel also found that he continued to display "a cavalier attitude towards the parole and criminal justice process [insufficient] to show an understanding or at minimum appreciation of society's rules and laws." In all, the panel concluded that the negative factors established a high risk of recidivism, while acknowledging that Miller had been infraction-free since the last parole review, participated in many

2 <span>A-3406-20</span>

behavioral programs, supplied institutional reports reflecting favorable institutional adjustments, maintained minimum custody status, and regained lost commutation time.

The Board decision rejected Miller's objection that the Board was prohibited from considering his entire prior record. The Board explained that the Parole Act of 1979 was amended in 1997 to allow for such consideration. In addition, "the Supreme Court of New Jersey ruled in the Trantino[1] case that the 1997 amendment eliminating consideration of 'new information' with respect to subsequent parole application[s] after denial of parole was a procedural modification that did not constitute a substantive change . . . ."

Further, Miller chose not to participate in the parole hearing, thus the panel could not "engage [him] in dialogue[.]" After reviewing the panel decision, and the relevant statutes and regulations, the Board concluded that by a preponderance of the credible evidence, there was "a substantial likelihood that [Miller] would commit a crime if released on parole at this time." The Board affirmed imposition of a thirty-six-month FET. This appeal followed.

Now on appeal, Miller raises the following points of error:

---

[1]  Trantino v. N.J. State Parole Bd., 166 N.J. 113 (2001).

POINT I

APPELLANT WAS ENTITLED TO RELEASE.  HIS CONTINUED INCARCERATION PREDICATED ON RETROACTIVE APPLICATION OF STATUTORY LAW NOT ENACTED AT THE TIME OF HIS INITIAL ELIGIBILITY FOR PAROLE RELEASE VIOLATES CONSTITUTIONAL EX POST FACTO PROHIBITIONS.

A.    The Federal Courts.
    (1)    Supreme Court, Garner v. Jones.[2]
    (2)    Third Circuit, Mickens-Thomas v. Vaughn.[3]

B.    Our State Courts.

POINT II

THE ACTIONS OF RESPONDENT IN THIS ACTION CONSTITUTE A PREMEDITATED COURSE OF ACTION TO VIOLATE CONSTITUTIONAL DUE PROCESS BY REPETITIVE IMPOSITION OF FUTURE ELIGIBILITY TERMS WHICH WILL EXPIRE PRIOR TO A DETERMINATION BY THIS COURT, CONTRARY TO THIS COURT'S RULING IN STOUT.[4]

---

[2]  Garner v. Jones, 529 U.S. 244 (2000).

[3]  Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir. 2003).

[4]  Stout v. N.J. State Parole Bd., Nos. A-0034-14, A-3623-14 (App. Div. Nov. 15, 2016).

POINT III

RESPONDENT IS ATTEMPTING TO RE-SENTENCE APPELLANT TO LIFE IMPRISONMENT ABSENT ELIGIBILITY FOR PAROLE IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS, AS IN PRIOR MATTERS.

POINT IV

CERTIFICATION OF THE GRANTING OF PAROLE RELEASE FOR PRISONERS BY THE FULL PAROLE BOARD WHO ARE CONVICTED OF MURDER IS A MINISTERIAL ACT WHICH CAN BE ACCOMPLISHED IN ABSENTIA. FOR PRISONERS CONVICTED PRIOR TO THIS ENACTMENT IT CONSTITUTES AN EX POST FACTO VIOLATION.

POINT V

THE FINAL AGENCY DECISION WAS ERRONEOUS. THE RULING BY OUR SUPREME COURT IN TRANTINO DID NOT AFFIRM THIS COURT'S ON EX POST FACTO. THERE EXISTED NO BURDEN ON APPELLANT TO BE INTERROGATED, OR TO DEMONSTRATE WHY HE WAS ENTITLED TO RELEASE.

A.    Supreme Court Ruling In Trantino.

B.    Appellant's Failure to Engage In Dialogue With the Board Panel.

C.    Non-Articulation of Changes Made To Ensure An Absence of Criminal Activity and That Insight Gained.

5

POINT VI

THE COURT MUST EXERCISE ORIGINAL JURISDICTION PURSUANT TO R[ULE] 2:10-5 AS OUR SUPREME COURT DID IN TRANTINO AND THIS COURT DID IN KOSMIN.[5] (NOT RAISED BELOW).

"Appellate review of parole determinations 'focuses upon whether the factual findings made by the Parole Board could reasonably have been reached on sufficient credible evidence in the record.'" Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 193 (App. Div. 2019) (quoting Trantino, 166 N.J. at 199). The Board makes even more "individualized discretionary appraisals" than do other state agencies. Ibid. (quoting Trantino, 166 N.J. at 173). Therefore, Board decisions may only be reversed if arbitrary and capricious. Ibid. A parole decision is arbitrary and capricious if "willful and unreasoning . . . without consideration and in disregard of circumstances." Ibid. (quoting Trantino, 166 N.J. at 201). "The burden of showing the agency's action was arbitrary, unreasonable or capricious rests upon the appellant." Bowden v. Bayside State Prison (Dep't of Corr.), 268 N.J. Super. 301, 304 (App. Div. 1993). Board decisions are "accorded a strong presumption of reasonableness." McGowan v.

---

[5] Kosmin v. N.J. State Parole Bd., 363 N.J. Super. 28 (App. Div. 2003).

N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). Questions of law are reviewed de novo. See Perry, 459 N.J. Super. at 193-94.

Miller accuses the Board of acting in an arbitrary, unreasonable, or capricious manner by repetitively denying him parole and imposing thirty-six-month FETs. He contends the Board plans to keep him "in this status perpetually" until he dies in prison. Additionally, Miller claims he will be "unable to obtain a ruling prior to the term[s] expiring." He claims that subjecting him to nineteen-and-a-half additional months of imprisonment on an FET while he awaits resolution on appeal "is totally repugnant to minimal due process." This argument does not accord with the fact we are considering his appeal before expiration of the FET.

Miller's other points lack sufficient merit to warrant further discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7                                                                                    A-3406-20