**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2779-21

DANIEL DEFILIPO,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted November 28, 2023 – Decided January 3, 2024

Before Judges Whipple and Paganelli.

On appeal from the New Jersey State Parole Board.

Cohen & Riechelson, attorneys for appellant (Mark D. Laderman, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Sara M. Gregory, Assistant Attorney General, of counsel; Dorothy M. Rodriguez, Deputy Attorney General, on the brief).

PER CURIAM

Daniel DeFilipo appeals from the March 30, 2021 final decision of the New Jersey State Parole Board (the Board) revoking his mandatory supervision parole status and imposing a thirteen-month future eligibility term (FET). On appeal, DeFilipo argues the decision was arbitrary, capricious, and unreasonable, in addition to unsupported by the evidence in the record. We affirm.

The events that led to revocation are in the record. In 2012, DeFilipo was sentenced to an aggregate custodial term of ten years, with a mandatory minimum of eight years and six months for first-degree kidnapping; second-degree aggravated assault; and fourth-degree unlawful possession of a weapon and a five-year term of mandatory parole supervision (MSV).

DeFilipo was released on parole supervision on September 21, 2020. According to the testimony of Senior Parole Officer Willie Brown, DeFilipo's parole officer, DeFilipo reported to District Office for the first visit as required and acknowledged he understood all the conditions of his parole. He was referred to Greater Essex Counseling Service (Greater Essex) for outpatient drug counseling and placed under supervision. On January 28, 2021, DeFilipo informed Brown he and his girlfriend were mugged the previous night while waiting for the bus in Belleville. They were approached by a male who tried to

grab DeFilipo's bag, punched his girlfriend in the face and then began to assault DeFilipo. DeFilipo was cut with a knife on the back of his neck and taken to a hospital where he received stitches and was discharged.

On February 17 2021, Brown went to see DeFilipo. DeFilipo tested negative for alcohol that day, but he had not been back to work since he was assaulted. DeFilipo told Brown he wanted to live in Belleville with his girlfriend because he was no longer comfortable living in Newark after the incident. Brown investigated the Belleville residence and approved it.

A week later, DeFilipo reported to the District Office and tested positive for cocaine. He admitted using it, saying it was due to post-traumatic stress from his assault. DeFilipo's substance abuse treatment was increased to provide him an opportunity to remain in the community.

By March 17, 2021, Keith Williams, DeFilipo's counselor from Greater Essex advised Brown that DeFilipo was not attending treatment as scheduled, and his phone might not be in service. Ten days later, Greater Essex discharged DeFilipo from the program due to noncompliance.

A few days later, Brown and another officer went to DeFilipo's residence. He claimed his phone service was off. Brown questioned this, telling DeFilipo

3

his phone was ringing, and Brown could leave voicemails, so service was still on.

Brown told DeFilipo to report to the District Office March 29, 2021, at 2:00 p.m. DeFilipo failed to report. Brown gave DeFilipo explicit instructions and another opportunity to report to the District Office, this time on March 31, 2021. DeFilipo reported as scheduled and admitted he was using cocaine. DeFilipo's urine yielded negative results for marijuana and cocaine at that time, so Brown admonished DeFilipo for his cocaine use and being discharged from outpatient drug counseling. DeFilipo filled out and signed the admission of use form.

DeFilipo told Brown his counselor at Greater Essex was willing to reinstate him back to the intensive outpatient program, providing DeFilipo another opportunity to remain in the community while addressing his substance abuse issues. However, throughout April 2021, Brown was unable to reach DeFilipo. He was unable to leave a voicemail and later learned the number was not in service. Efforts to reach DeFilipo through his girlfriend were also unsuccessful and Brown learned as of March 31, 2021, DeFilipo was again discharged from Greater Essex for non-compliance.

A-2779-21

It became apparent by May 2021, DeFilipo was actively avoiding supervision. Due to persistent failures to report and to make himself available to parole authorities, it was determined he had absconded from parole supervision and a missing warrant was issued.

On May the 15, 2021, DeFilipo was arrested by Newark Police and charged with various narcotics offenses. He was taken into custody and served with a copy of the Notice of Probable Cause Hearing. The notice advised DeFilipo of his rights and charged him with violating: (1) MSV Condition #2, failing to report to parole officer as instructed on May 5, 2021 or any date thereafter, and thus absconding from parole supervision; (2) MSV Condition #12, failing to refrain from distribution, possession, or administration of any controlled dangerous substance, N.J.S.A. 2C:35-2, imitation controlled dangerous substance or imitation substance, N.J.S.A. 2C:35-11, or any paraphernalia, N.J.S.A. 2C:36-1, as evidenced by his admissions to cocaine use on February 24 and March 31, 2021; and (3) MSV Special Condition, failing to comply with successfully completing an outpatient counseling program, as evidenced by being discharged twice from Greater Essex.

DeFilipo elected to have a probable cause hearing, waiving his right to counsel. The hearing was conducted on July 30, 2021, via video teleconference.

Brown testified to DeFilipo's acknowledgement of the terms of the MSV Agreement and chronicled his continued MSV violations.

DeFilipo testified the January 2021 assault caused him to sustain severe injuries and emotional distress, which resulted in a relapse. He acknowledged his parole officer had provided him numerous chances and said he was afraid to go back to prison. After considering all evidence, the hearing officer sustained the violations based on DeFilipo's admission of guilt and the evidence in the record.

The hearing officer noted DeFilipo's possession of what was believed to be cocaine and his two discharges from Greater Essex for noncompliance. The hearing officer found DeFilipo's numerous violations to be serious, and that he presented a danger to himself and the community. The hearing officer also found probable cause that DeFilipo violated the conditions of supervision and recommended revocation.

A final revocation hearing was conducted on October 28, 2021. DeFilipo was represented by counsel at the hearing. Defilipo and Brown provided testimony consistent with the earlier hearing. Additionally, DeFilipo testified he was compliant with the terms of his mandatory supervision until his assault on January 28, 2021. He acknowledged that incarceration had helped him get

6

sober and allowed him to realize his mistakes. He further noted all his achievements while incarcerated and intentions for employment and schooling if released.

The hearing officer found by clear and convincing evidence DeFilipo seriously and persistently violated the conditions of his supervision by engaging in cocaine use on February 24 and March 27, 2021; demonstrating noncompliant and evasive behavior as evidenced by his unsuccessful discharge from Greater Essex; and not reporting to his parole officer on May 5, 2021. DeFilipo kept his whereabouts unknown until he was apprehended and arrested on May 13, 2021, when he was found in possession of cocaine. Accordingly, the hearing officer recommended DeFilipo's parole be revoked with a thirteen-month incarceration term.

On November 17, 2021, a two-member Board panel reviewed the record and the hearing officer's decision. The panel accepted the hearing officer's findings and found DeFilipo had violated the conditions of his parole. The panel revoked DeFilipo's parole and established a thirteen-month FET.

DeFilipo submitted an administrative appeal of his revocation and the corresponding thirteen-month FET. On March 30, 2022, the full Board affirmed the two-member panel's decision, finding DeFilipo's parole was revoked based

7

on his failure to report as instructed; his failure to refrain from the use or possession of any drug or drug paraphernalia; and his failure to comply with and successfully complete an outpatient drug treatment program. The Board further found the two-member panel had reviewed and considered all relevant factors in reaching its conclusion, including DeFilipo's admissions of cocaine use as well as his "statements and evidence in mitigation" of the violations. The Board concurred with the panel's determination that DeFilipo had "seriously violated his mandatory supervision" and was "not a suitable candidate for release and, as such, placement in a program is not appropriate." This appeal followed.

Having reviewed the record and utilizing the correct standard of review we conclude the Board correctly found, by clear and convincing evidence, DeFilipo violated the conditions of his supervision warranting revocation of parole and imposition of a thirteen-month FET. Our review of parole determinations is limited to whether the Board acted arbitrarily or abused its discretion in rendering its decisions. Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001). In conducting this limited review, we accord agency actions presumptions of validity and reasonableness, In re Vey, 272 N.J. Super. 199, 205 (App. Div.), aff'd, 135 N.J. 306 (1993). Moreover, the burden is on the challenging party to show that the Board's actions were unreasonable, Bowden

v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993). Revocations of parole must be supported by clear and convincing evidence. N.J.A.C. 10A:71-7.12(c)(1); N.J.A.C. 10A:71-7.15(c). "Clear and convincing evidence" is that upon "which the trier of fact can rest a firm belief or conviction as to the truth of the allegations sought to be established." In re Registrant J.G., 169 N.J. 304, 330 (2001) (citations omitted). The Board met that standard here. There is no dispute DeFilipo continued to violate his MSV conditions: he admitted to using cocaine on two occasions; failed to report to Greater Essex, resulting in him being discharged from the program twice; failed to report to his parole officer; and was found to be in direct possession of cocaine.

Any remaining arguments we have not addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2779-21