**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1201-23

WOSSAM ABOLABAN,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted May 29, 2025 – Decided July 30, 2025

Before Judges Mayer and Puglisi.

On appeal from the New Jersey State Parole Board.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Laura B. Lasota, Deputy Public Defender II, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Elizabeth Merrill, Deputy Attorney General, on the brief).

PER CURIAM

Wossam Abolaban appeals from the December 13, 2023 final decision of the New Jersey State Parole Board (the Board) revoking his mandatory parole supervision (MSV) status and imposing a twelve-month parole eligibility term (PET). We affirm.

We recite the pertinent facts from the record. In 2017, Abolaban was sentenced to a seven-year prison term with an eighty-five percent mandatory minimum term and a three-year MSV term pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, for attempted second-degree aggravated assault.

Abolaban was released from custody to MSV on February 15, 2022. Prior to his release, he received and signed a notice of general and special conditions of MSV. Pertinent here, the general conditions required Abolaban to: report in person as instructed by his parole officer (#2); notify his parole officer no later than the next business day after any contact with a law enforcement agency or arrest (#3); refrain from the use of any narcotic drug or controlled dangerous substance (CDS) (#13[1]); submit to drug or alcohol testing at any time as directed by the parole officer (#17); and refrain from operating a motor vehicle without a valid driver's license (#18).

---

[1] The CDS condition is listed as MSV general condition #13 on the January 28, 2022 notice but identified as MSV general condition #12 in the December 20, 2022 notice of probable cause hearing and thereafter.

On November 12, 2022, Abolaban drove his car into oncoming traffic and collided with a bus. A responding police officer observed Abolaban sitting in his vehicle unresponsive to the officer's questions, including whether he ingested any alcohol or drugs prior to the motor vehicle accident. Upon removal from the vehicle, Abolaban became combative with emergency medical services personnel and had to be restrained. Abolaban's urine screens at the hospital tested positive for phencyclidine (PCP). Abolaban was arrested and issued summonses for operating a motor vehicle under the influence of liquor or drugs (DUI), reckless driving, careless driving, driving with an expired license, failure to possess proof of registration and failure to possess proof of insurance. Abolaban failed to notify his parole officer of the arrest.

When Abolaban reported to his parole officer four days later, his urine screen indicated positive for PCP. Although Abolaban denied using PCP, the positive screen result was later confirmed by laboratory test. Based on the circumstances of the motor vehicle accident and Abolaban's failure to report his arrest, the Board increased his supervision to include global positioning system monitoring.

On December 12, 2022, Abolaban's parole officer directed him to report to the parole office with his medications for a 9:00 a.m. urine test the next day.

A-1201-23

The parole officer explained he received a lab report from a community program indicating Abolaban tested positive for PCP, amphetamines and benzodiazepine. When Abolaban rebuffed the parole officer's instruction to report, the officer advised failure to report would violate his MSV conditions.

Abolaban failed to report to the parole office the next day, informing the parole officer he was ill and needed to quarantine. The officer offered to conduct a home visit to secure a urine sample, but Abolaban said he had a "shy bladder." Abolaban was instructed to telephone when he was ready to urinate, which he did, and the parole officer went to his house to obtain the sample. However, when the officer advised Abolaban the sample would be witnessed, Abolaban became "irate" and said he could not provide a sample. Instead, the officer obtained an oral swab which indicated positive results for PCP, amphetamines and opiates. Abolaban again denied using PCP but admitted using Adderall, which was not prescribed to him.

Two days later, Abolaban was involved in a second motor vehicle accident, in which he drove his vehicle into a parked car, street sign and tree. A responding officer noted Abolaban was "catatonic" in the driver's seat with "pinpointed" pupils, and he was unresponsive to questions. Abolaban was arrested and charged with DUI, reckless driving and driving without a license.

A-1201-23

When taken to the hospital, Abolaban became agitated and combative, requiring him to be restrained. The police obtained a search warrant for a blood sample. The State Police Laboratory reported the sample tested positive for PCP.

Based on the violations of his MSV conditions, the Board issued a warrant and arrested Abolaban on December 15, 2022. He was later served with a notice of probable cause hearing, advising him of his rights and the charged violations of MSV conditions:

- #2 – failing to report in person as instructed by his parole officer on December 13, 2022 or any date thereafter;

- #3 – failing to report his November 12, 2022 arrest to his parole officer within one business day;

- #12 – failing to refrain from the use of any narcotic drug or [CDS], evidenced by the November 16, 2022 positive drug screen for PCP, confirmed by laboratory test; December 13, 2022 positive drug screen for amphetamines and admission to using Adderall;

- #17 – failing to submit to drug or alcohol testing on December 13, 2022; and

- #18 – failing to refrain from operating a motor vehicle without a valid driver's license, as evidenced by the November 12 and December 15, 2022 citations.

A-1201-23

Abolaban was provided counsel and waived his right to a probable cause hearing. A Board hearing officer conducted the final revocation hearing on June 2 and 23, 2023. Abolaban pleaded not guilty to violating conditions #2, #17 and #18, and pleaded guilty to violating conditions #3 and #12, with an explanation. The hearing officer considered testimony from Abolaban's assigned parole officers and two police officers who responded to Abolaban's car accidents.

Abolaban contended the test results indicating PCP use were false positives caused by his prescribed medications, and submitted articles documenting false positive PCP screens. He also explained that, while he did not have a driver's license, he had a learner's permit and was scheduled to take the driving test.

The hearing officer sustained violations of condition #2, based on Abolaban's failure to report as instructed on December 13, 2022, and condition #3, based on his failure to report his November 12, 2022 arrest on the next business day. The hearing officer did not sustain the violation of condition #17 because Abolaban submitted to an at-home oral swab on December 13, 2022.

The hearing officer also sustained the violation of condition #12 based on Abolaban's admission to using Adderall, which was not prescribed to him, and the positive test results for PCP. The hearing officer rejected Abolaban's

A-1201-23

contention of false positives for PCP, because the positive screens were confirmed by laboratory test and the police officers' observations of Abolaban's appearance and behavior at both accident scenes were consistent with PCP use.

The hearing officer also sustained the violation of condition #18 based on the police officers' testimony Abolaban did not have a valid driver's license when he was in both car accidents.

Based on the sustained violations, the hearing officer found clear and convincing evidence Abolaban seriously violated the conditions of MSV and recommended a Board panel revoke his MSV status and impose a twelve-month PET. On July 26, 2023, a two-member Board panel adopted the recommendation.

Abolaban appealed the two-member panel's decision to the full Board, reprising his arguments that the PCP results were false positives, he had a learner's permit and revocation was not desirable. On December 13, 2023, the full Board affirmed the two-member panel's decision, finding Abolaban's MSV status was revoked based on his violations of conditions, the violations were serious, and revocation was desirable.

7

On appeal, Abolaban contends the Board's decision revoking his MSV status was arbitrary and capricious because it was not supported by clear and convincing evidence, and revocation was not desirable.

Our review of parole determinations is limited to whether the Board acted arbitrarily or abused its discretion in rendering its decisions. Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001). In conducting this limited review, we accord agency actions presumptions of validity and reasonableness, In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), and the burden is on the challenging party to show that the Board's actions were unreasonable, Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304-05 (App. Div. 1993).

The Board may revoke parole, including MSV status, if it finds clear and convincing evidence a parolee violated conditions of parole, the violations are serious or persistent, and revocation and return to custody is desirable. N.J.S.A. 30:4-123.63(d). "Clear and convincing evidence" is that upon "which the trier of fact can rest 'a firm belief or conviction as to the truth of the allegations sought to be established.'" In re Registrant J.G., 169 N.J. 304, 330-31 (2001) (quoting In re Purrazzella, 134 N.J. 228, 240 (1993)).

The Board met that standard here. Within ten months of his release, Abolaban violated four MSV conditions by failing to report to parole as

instructed, failing to report an arrest, using CDS and operating a motor vehicle without a driver's license on two occasions. Having reviewed the record under our deferential standard of review, we discern no basis to disturb the Board's decision the violations were serious and warranted revocation of Abolaban's MSV status and the imposition of a twelve-month PET.

To the extent we have not expressly addressed any remaining issues raised by Abolaban, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1201-23