**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2769-23

KENNETH GUENTHER,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

       Submitted May 13, 2026 – Decided June 5, 2026

       Before Judges Smith and Jablonski.

       On appeal from the New Jersey State Parole Board.

       Kenneth Guenther, self-represented appellant.

       Jennifer Davenport, Attorney General, attorney for respondent (Christopher Weber, Assistant Attorney General, of counsel; Joseph D. Sams, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Kenneth Guenther appeals from a final agency decision ("FAD") of the New Jersey State Parole Board ("Board") affirming a special condition of his parole that he refrain from the purchase, possession, and use of alcohol. Considering our deferential standard of review, we affirm.

I.

In 2001, petitioner was convicted of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); and second-degree sexual assault, N.J.S.A. 2C:14-2(c), arising from conduct involving his then-girlfriend's daughter. Petitioner was sentenced to twenty-five years' imprisonment with Community Supervision for Life ("CSL").

Before he was released from prison in 2016, the Board imposed a special CSL condition prohibiting petitioner from purchasing, possessing, or using alcohol, and from frequenting establishments primarily engaged in the sale of alcohol, such as bars and liquor stores. Later, petitioner moved to eliminate this requirement, claiming that alcohol use was not an issue that caused any prior deviant behavior. To substantiate his claim, he asserted that his mandatory drug tests never resulted in any positive tests for alcohol. The Board denied his request without comment.

A-2769-23

Years later, as part of routine home visits, petitioner became agitated when a District Parole Supervisor questioned him about his sobriety. As a result, the Division of Parole ("Division") imposed additional conditions including the requirement to attend anger management counseling and a more restrictive supervision status.

Petitioner appealed to the Division, requesting the removal of the alcohol restriction, the anger management requirement, and a return to his prior supervision level. The District Parole Supervisor denied the appeal, citing petitioner's criminal history, including multiple arrests and violent offenses, his prior admission that alcohol contributed to his criminal behavior, and his recent aggressive conduct. Later, petitioner was charged with assaultive crimes after he was involved in an altercation with a neighbor. Those charges were subsequently dismissed.

Petitioner filed administrative appeals according to the Board's protocols seeking, among other forms of relief, to eliminate the no-alcohol condition. After predicate administrative affirmances, the Board issued a FAD, concluding it was authorized to impose special conditions such as the no-alcohol requirement. The Board reasoned that this restriction would help reduce petitioner's future criminal behavior, as petitioner had acknowledged

3

impulse control issues and arrests related to alcohol use. According to the Board, the no-alcohol condition was a reasonable measure to help prevent future offenses.

Petitioner appeals[1] and argues only the Board's affirmation of the "no alcohol restriction" lacked sufficient credible evidence in the record. We disagree.

## II.

"Our role in reviewing an administrative agency's decision is limited." Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018) (citing Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009)). "Our review of the Parole Board's determinations is deferential in light of its expertise in the specialized area of parole supervision . . . . " J.I. v. N.J. State Parole Bd., 228 N.J. 204, 230 (2017) (citing McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)).

We recognize that "to a greater degree than is the case with other administrative agencies, the . . . Board's decision-making function involves

---

[1] Petitioner limits his appeal to the affirmance of the no-alcohol restriction. Any remaining issues raised in the FAD are waived since petitioner did not brief those matters. See Drinker Biddle & Reath LLP v. New Jersey Dep't of L & Pub. Safety, Div. of L., 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (explaining that claims not addressed in the merits brief are considered "abandoned").

A-2769-23

individualized discretionary appraisals." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 201 (2001) (Baime, J., dissenting) (citing Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 358-59 (1973)). These appraisals are presumed reasonable. McGowan, 347 N.J. Super. at 563. Accordingly, "we will reverse a decision of the Board only if the offender shows that the decision was arbitrary or unreasonable, lacked credible support in the record, or violated legislative policies." K.G. v. N.J. State Parole Bd., 458 N.J. Super. 1, 30 (App. Div. 2019) (citing Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24-25 (1998)). The burden is on the challenging party to demonstrate the Board's actions were arbitrary, capricious, or unreasonable. Bowden v. Bayside State Prison (Dep't of Corr.), 268 N.J. Super. 301, 304 (App. Div. 1993). "If substantial evidence supports the agency's decision, this [c]ourt 'may not substitute its own judgment for the agency's even though the court might have reached a different result.'" M.R. v. N.J. Dep't of Corr., 261 N.J. 322, 337 (2025) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)).

Conditions of CSL are intended to advance the State's interest in "protect[ing] the public and foster[ing] rehabilitation," N.J.S.A. 2C:43-6.4(b), as well as "reduce the likelihood of recurrence of criminal or delinquent

5

behavior," N.J.S.A. 30:4-123.59(b)(1)(a).  An individual on CSL is under the supervision of the  Board and may be "subject to conditions appropriate to protect the public and foster rehabilitation."  N.J.S.A. 30:4-123.59.  The Board "may impose . . . specific conditions of parole deemed reasonable in order to reduce the likelihood of recurrent of criminal or delinquent behavior."  Such specific conditions are to be "based on [the] prior history of the parolee or information provided by a victim."  Ibid.  Our Supreme Court has also recognized that while "an individual subject to [] CSL does not possess the 'full panoply of rights . . . .  [E]ven those who possess a conditional or limited freedom have a right to protection from arbitrary government action.'"  J.B. v. N.J. State Parole Bd., 229 N.J. 21, 41 (2017) (quoting Jamgochian v. N.J. State Parole Bd., 196 N.J. 222, 241-42 (2008)).  The Board may modify or remove any conditions of a supervisee's parole for cause following an application from the parolee or their parole officer.  N.J.A.C. 10A:71-6.6.

In light of these principles, we conclude the Board properly exercised its discretion to affirm the no-alcohol condition as part of his CSL.  The Board acknowledged that no evaluation has raised concern that petitioner dealt with substances abuse over the course of his supervision and that screening never yielded positive results.  However, petitioner, himself, indicated in treatment

A-2769-23

records that he believed that past alcohol use contributed to his former impulsive and violent behaviors which, in turn, led to past arrests and convictions. This behavioral concern is bolstered by petitioner's confrontation with his neighbor that escalated to physical violence. On this record, we conclude that it was reasonable for the Division to impose this special condition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2769-23